SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY, Appellant, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, February 27, 1905.

1. **PLEADING: Action: Ex Contractu: Ex Delicto: Misjoinder: Repugnancy.** One count in a petition was on a contract that plaintiff and defendant would bear one-half of any damage resulting from the negligence of a common agent or their common negligence; the second count was on an agreement after the alleged negligence that the plaintiff should settle the whole damage and defendant thereupon would pay its half. *Held,* both actions are *ex contractu* and not repugnant, and a demurrer to the second count and a motion to elect between the counts were both properly overruled.

2. ——: ——: ——: ——: **Judgment: Cost.** The jury returned a verdict against defendant on the second count. *Held,* it was not entitled to a judgment on the first count, since the evidence of the common negligence alleged in the first count was proper as tending to show the agreement alleged in the second count and defendant would not be entitled to costs on either count.

3. **PRINCIPAL AND AGENT: General Agency: Private Restrictions.** When an agent is put forward as a general agent so that others are justified in the belief that his powers are general, restrictions privately imposed will be immaterial and can have no effect on the rights and remedies of third persons.

4. ———: ———: Evidence: Expert. One who knows may testify as to the duties of a general claim agent of a railroad, and it is not necessary to qualify such witness as an expert.

5. ———: Action: Instruction: Harmless Error: Burden of Proof. An instruction relating to defendant's liability in the second count of its petition is approved, and the fact that it imposed more on the plaintiff than the law did is not reversible error; and it rightfully threw upon the defendant the burden of showing that the plaintiff had notice that the defendant's claim agent was without authority to make the contract.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Martin L. Clardy* and *Brown & Crowder* for appellant.

(1) The defendant contends that the court below erred in refusing to compel plaintiff to elect upon which count of the petition it would stand. Roberts v. Railroad, 43 Mo. App. 287; Rinard v. Railroad, 164 Mo. 270; Maguire v. Railroad, 103 Mo. App. 459. (2) Plaintiff has but one cause of action and is entitled to but one satisfaction. It may proceed on the theory of defendant's negligence, or on defendant's alleged agreement to reimburse plaintiff for one-half of the damages occasioned by the collision; but the two remedies cannot be pursued together. They are absolutely repugnant and inconsistent, hence the refusal to compel plaintiff to elect is reversible error. Bliss on Code Pleading, sec. 11. (3) The second count of the petition, charging mutual and concurrent negligence of both plaintiff and defendant, and also a subsequent agreement to reimburse plaintiff for one-half of the amount paid in settlement of damages occasioned by the collision in question, states two separate and distinct causes of action; and the jury having returned a verdict thereon for $3,394.90, it cannot be told which ground they based their verdict upon, therefore the

judgment ought to be reversed. Crumply v. Railroad, 98 Mo. 34; King v. Railroad, 98 Mo. 235. (4) We contend that where, as in this case, the petition contained two counts stating two separate and distinct causes of action, and plaintiff has a verdict on the second count, but no verdict was rendered on the other, judgment should have been entered in favor of the defendant on the first count; and it was error not to enter such judgment accordingly. Buckman v. Railroad, 100 Mo. App. 35. (5) The great mass of evidence set out at length in appellant's abstract, representing the testimony of a dozen witnesses, some of whom were examined and cross-examined twice or more, was introduced mainly to prove the issues raised by the first count of the petition. The plaintiff, therefore, and not defendant should pay the costs due the officers for issuing and serving subpoenas for such witnesses, as well as the fees of the witnesses themselves, amounting to several hundred dollars; and the defendant was entitled to judgment to that effect. Edwards v. Railroad, 97 Mo. App. 111. (6) The court erred in permitting A. H. Rogers to testify touching the scope of defendant's general claim agent's duties. He was not qualified to express an opinion or to give expert testimony on that point. (7) The court erred in permitting testimony regarding the participation of defendant's assistant claim agent, Ewing, in settling a portion of the claims against the plaintiff company for damages growing out of the accident. This testimony was irrelevant, and was apt, not only to distract the jury and confuse their minds concerning the real issues, but to raise a prejudice which told against an impartial decision. (8) Plaintiff's sixth instruction should not have been given because it comments on the evidence and points out and dwells on certain matters connected with the settlement of the claims in controversy, to the exclusion of all others. (9) The third specification of plaintiff's sixth instruction is erroneous in that it authorized a

recovery on the second count of the petition on the theory that the defendant's assistant claim agent, Ewing, participated in the settlement of these claims, and that in the settlement of such claims, plaintiff took releases from the claimants releasing both companies; thus singling out and giving undue and unfavorable prominence to certain specific facts, to the exclusion of all others. We do not understand this to be the law. State v. Hibler, 149 Mo. 478; State v. Rutherford, 152 Mo. 124; Chappell v. Allen, 38 Mo. 213.

*McReynolds & Halliburton* for respondent.

(1) Plaintiff's cause of action was the indebtedness of defendant to plaintiff for one-half of the amount paid by plaintiff for damages and costs growing out of the collision, under the written or verbal contract. It is stated in two counts: first, under the written contract; second, under the verbal contract. There is no improper joinder of causes of action. They are both upon contract and both transactions connected with the same subject of action. R. S. 1899, sec. 593. (2) Plaintiff is not seeking to recover in either count for a tort, but in both counts upon contract, one written and one verbal. They are not inconsistent, but are entirely consistent with each other; both may be true. If looked at as two causes of action, then they are separately stated. And if only one cause of action it is properly stated in two counts to meet any phase of the evidence. O'Neill v. Blase, 94 Mo. App. 655; Hess v. Gansz, 90 Mo. App. 443; Zellars v. Water & Light Co., 92 Mo. App. 114, and cases cited. (3) "While repugnant pleading is not permissible, to render a pleading bad, the repugnancy must be such that the proof of one state of facts pleaded as a basis for a recovery, will necessarily disprove another state of facts pleaded as such basis." Rinard v. Railroad, 164 Mo. 284. (4) There is no commingling of two causes of action in

the second count. And even if there is, it is patent on its face and defendant waived it by answering over after its demurrer and motion to elect was overruled. R. S. 1899, sec. 602; Thompson v. School District, 71 Mo. 495; Shuler v. Railroad, 87 Mo. App. 622; Antonelli v. Basile, 93 Mo. App. 141; O'Neill v. Blase, 94 Mo. App. 656; Paddock v. Somes, 102 Mo. 235; Crenshaw v. Ullman, 113 Mo. 633; Reugger v. Lindenberger, 53 Mo. 364.

(5) The court did not err in permitting A. H. Rogers to testify as to the duties of defendant's general claim agent. He testified that he knew the duties of the general claim agent and what they were, and was corroborated by Hoeffner and Ewing, defendant's witnesses, one chief clerk in general claim agent's office, and one assistant claim agent. The evidence as to the participation of Ewing in settling the claims for damages was proper and legitimate evidence. (6) Defendant having put Wm. E. Jones forward as its general claim agent, clothed him with the apparent power to make contracts of settlement on account of claims against defendant, it follows that if the defendant had imposed any limitations upon this apparent authority of its general claim agent, such limitations could not affect the plaintiff unless brought to its knowledge, and this was a question of fact to be submitted to the jury. Cross v. Railroad, 141 Mo. 132, 71 Mo. App. 575; Baker v. Railroad, 91 Mo. 160; Woolen Mills v. Meyers, 43 Mo. App. 124; Porter v. Woods, 138 Mo. 552; Sharp v. Knox, 48 Mo. App. 169. (7) Appellant's point numbered eight is leveled at instruction numbered six, given for respondent, and its counsel misreads same and misstates it and the effect of it.

JOHNSON, J.—Plaintiff and defendant in the year 1900 were each operating a line of railroad in Jasper county, the former using electricity, the latter steam, for motive power. Their tracks crossed at Webb City. On July 3, 1900, one of plaintiff's cars heavily

loaded with passengers collided at the crossing with moving cars on one of defendant's tracks, resulting in the injury of a large number of passengers on plaintiff's car. Afterwards, plaintiff expended in the aggregate over seven thousand dollars in making settlements with the injured, and brought this suit to recover from defendant one-half of said amount. A trial resulted in a judgment for plaintiff and defendant appealed.

The first error assigned is the overruling by the trial court of a motion filed by defendant to require plaintiff to elect upon which of the two counts in its petition it would stand, and in overruling a demurrer to the second count. The real ground of the motion was the alleged repugnancy of the cause of action pleaded in one count to that pleaded in the other. The ground of the demurrer was the joinder in the second count of two causes of action, one *ex delicto,* the other *ex contractu.* After these pleas were disposed of defendant answered to the merits.

In the first count plaintiff alleged that at the time of the collision a written contract executed by the parties when the crossing was constructed was in force which, among other things, contained agreements relating to damages resulting from collisions at the crossing, in substance as follows: First, plaintiff was to employ at its expense a watchman whose duties were to guard the passage of trains and cars over the crossing, but each party was to bear one-half of any damage resulting from the negligence of such watchman; second, damages resulting from the sole negligence of one of the parties were to be paid by such party; third, damages caused by the concurring negligence of both parties to be divided equally between them. Facts were alleged showing the collision resulted from the negligence of the watchman and the concurring negligence of the servants of both parties; also, that plaintiff had at its own expense settled all resulting claims

Railroad v. Railroad.

and made demand upon defendant for payment of one-half of the amount so expended.

The second count contained in substance all of the facts alleged in the first and, in addition, the averment that after the damage accrued the parties met, each recognized its liability and a verbal agreement was made whereby plaintiff was to proceed to settle the claims for damage, in consideration whereof defendant, at the conclusion of the settlement, should repay plaintiff one-half of the amount of its expenditure in that behalf made.

Defendant's position is that the cause of action pleaded in the first count is founded on tort; that in the second on contract. We do not entertain this view. Both arise *ex contractu* and are properly united in one petition. [R. S. 1899, sec. 593.] To sustain the cause declared upon in the first count it was proper, in fact necessary, to aver and prove the negligence of the watchman, or the concurrent negligence of the parties, in order to show the existence of facts essentially prerequisite to the mutual obligation created by the parties themselves under the stipulations of the written contract. Without these no such obligation existed between them, there being no right of contribution among joint tortfeasors. But the necessity to plead and prove these facts does not characterize the action as one *ex delicto*. The essence of the complaint is defendant's breach of contract in failing to pay as it agreed it would do in the situation disclosed by the facts alleged. The fact of negligence supported the consideration. Obviously, the purpose and intention of both parties in making these stipulations was to avoid a contest between them in cases of damage resulting from their joint negligence. In the absence of the right of contribution each naturally would endeavor with uncertain result to cast the entire burden upon the other. Nor is there any inconsistency between the two causes. Both seek recovery for the same indebtedness, one upon

the written, the other upon the verbal contract. The
two contracts are consistent and in effect co-opera-
tive. The second, made after the damage accrued,
practically was in execution of the duties imposed by
the first. Proof of one did not tend to disprove the
other and defendant's negligence, prospective and ex-
istent, was a fact in part responsible for the origin of
both.

"Repugnancy must be such that the proof of one
state of facts pleaded as a basis for recovery will nec-
essarily disprove another state, of facts pleaded as
such basis." [Rinard v. Railroad, 164 Mo. 284.] The
motion to elect and the demurrer were both properly
overruled.

Defendant insists the fact that the jury in its ver-
dict found for plaintiff upon the second count alone is
equivalent to a finding for defendant on the first. Un-
doubtedly, a separate cause of action with but one re-
covery is pleaded in each count. Both arise from and
deal with the same subject-matter, but the constitutive
facts of one are different in elemental particulars from
those of the other. In the first, proof of the negligence
of the watchman or of defendant's concurring negli-
gence are indispensable to recovery. These are the
facts upon which is predicated defendant's obligation
to contribute; and failure to prove them defeats the
action. In the second the fact of negligence is re-
moved. The parties settled between themselves the
question of their mutual liability under the former con-
tract, thereby putting a quietus to any dissension be-
tween them as to whose negligence caused the damage.
A new consideration was provided for by defendant's
agreement to contribute: namely, that plaintiff should
proceed to settle the claims, after which and in con-
sideration whereof, defendant was required to con-
tribute, regardless of the fact as to which one was neg-
ligent. Relying on this promise, plaintiff would have
been justified in abandoning any course of action it

may have adopted relative to establishing such negligence as would make defendant liable under the former contract, or relative to compromising or resisting the claims for damage. After making such agreement, and after plaintiff had acted upon it, defendant would not be permitted to interpose as a defense to an action brought against it by plaintiff to recover a moiety that it was in fact free from any negligence. The substantive facts essential to recovery under the second count were that the verbal agreement pleaded was made and that plaintiff carried out its terms; and with these established, plaintiff was entitled to recover even though it appeared from the evidence defendant was free from negligence.

We fail to see, however, any advantage to defendant in the refusal of the trial court to enter judgment in its favor on the first count, even with respect to its claim that a portion of the costs should have been taxed against plaintiff. Although the fact of defendant's negligence was not elemental to plaintiff's recovery under the second count, it does not follow that evidence thereof was not admissible. It tended to prove a substantive fact—the making of the verbal contract which was the principal subject of controversy thereunder. There is no ground for holding that the jury found in favor of defendant upon any issue involved in the case nor that prejudicial error was committed in failing to give judgment for defendant on the first count. [Roberts v. Railroad, 43 Mo. App. 287.]

Defendant further contends that the court erred in admitting evidence offered by plaintiff in proof of the making of the verbal agreement for the reason that it failed to show the agreement was made with anyone representing defendant having authority to make a contract of this character. Mr. Rogers, president of plaintiff company, testified that William E. Jones was the general claim agent of defendant, a Mr. Hoeffner was his chief assistant, and a Mr. Ewing was district

claim agent. The claim agent's office was in St. Louis; the office of plaintiff in Joplin. Mr. Rogers was asked this question: "Do you know what the duties of the general claim agent's office of the Missouri Pacific are —what are their duties in connection with it?" To which he answered: "It is to settle all claims against the road; in case of an accident they are supposed to clear up the whole accident, if they consider themselves responsible for it: they have the authority." No objection was made either to the question or answer. It was claimed the agreement was made, first with Mr. Ewing, and afterwards ratified by Mr. Hoeffner, both of whom visited Joplin in defendant's interest; and that it was ratified by Mr. Jones. It is unnecessary to detail the testimony relative to the agreement, as there was abundant evidence tending to show the making of the agreement by the general claim agent and that it was acted upon by both parties. Defendant's witnesses admit that Jones was the general claim agent and that Hoeffner and Ewing were his assistants, but claim the scope of his authority was limited to exclude the adjustment of differences arising under contracts similar to the written contract in this case. There is no claim that plaintiff had notice or knowledge of any such limitation to the authority of the general claim agent. This question falls squarely within the rule stated in Baker v. Railroad, 91 Mo. 152: "When the principal puts the agent forward as a general agent or places him in a position where others are justified in the belief that his powers are general, the restrictions that may be imposed privately on the agent will be immaterial except as between him and the principal, and can have no effect on the rights or remedies of third persons who have no knowledge of the restrictions or limitations upon his apparent authority." [New Albany Woolen Mills v. Meyers, 43 Mo. App. 124; Sharp v. Knox, 48 Mo. App. 169; Porter v. Woods, 138 Mo. 551.]

It is urged that the testimony of Mr. Rogers relative to the duties of the general claim agent was a mere conclusion and not the statement of a fact. We think the scope of the duties of this officer was a fact which a witness possessing knowledge thereof could state. We do not agree with defendant that the scope of the duties of an agent is a matter of expert knowledge requiring the qualification of the witness before he is permitted to testify, nor is there anything in the evidence to show Mr. Rogers was without means of knowledge. He testified as "one who knew whereof he spoke." He was not examined as to the source of his information. For aught the evidence discloses, his knowledge of the subject may have been as authentic, accurate and comprehensive as that of the claim agent himself. Plaintiff was entitled to have his evidence considered; the weight to be given it was a question for the jury. If accepted, this evidence was proof of the authority of the general claim agent to make the contract in question.

Plaintiff's sixth instruction is as follows: "The court instructs the jury that if they believe from the evidence that one William E. Jones was general claim agent of defendant company, and as such had general authority to adjust and settle claims against defendant for damage by reason of accidents and injuries in the operation of its trains, then plaintiff had a right to rely on his authority to arrange with plaintiff to adjust and settle all claims for damages to persons by reason of the collision, testified to by the witnesses, and if they further believe from the evidence that general agent Jones, through his subagents, agreed with plaintiff that if plaintiff would go ahead and adjust and settle with parties claiming damage on account of said collision, and take releases to both plaintiff and defendant, that defendant would repay to plaintiff one-half of the amount so necessarily paid out in settling and adjusting with parties so claiming damages, and

that plaintiff's employees, aided by defendant's employees, did adjust with and pay all of the parties claiming damages on account of such collision, and that plaintiff did take releases from such parties, *releasing both plaintiff and defendant,* then the jury should find for the plaintiff on the second count of the petition unless the jury should further believe from the evidence that defendant's general claim agent had no authority to make such agreement, and that plaintiff's officers, Rogers or Maret, knew or had notice that defendant's general claim agent had no such authority, and the burden is on defendant to show that they or one of them knew or had notice that said Jones had no such authority."

Several attacks are made upon this instruction. Most of them have been answered in the views expressed and will not be further commented upon.

It appeared in the evidence that Ewing, as assistant to the general claim agent, gave personal aid to plaintiff in adjusting some of the damage claims. It is contended that in referring to this fact in the instruction, error was committed. The language complained of is, "and that plaintiff's employees *aided by defendant's employees* did adjust with," etc. We do not regard the incorporation of this fact in the instruction as an element of plaintiff's right to recover, a comment upon the evidence or the singling out of a particular fact. It was not a fact essential to the right, but if plaintiff chose to make it such it was the only party that could have been injured thereby. It assumed a heavier burden than the law imposed. This was not reversible error. [State v. Hibler, 149 Mo. 484; R. S. 1899, sec. 865.] The burden of showing the restrictions, if any, upon the authority of the general agent was properly placed upon the defendant. [Baker v. Railroad, supra.]

The judgment is affirmed. All concur.