JOHN H. KELLY, Respondent, v. THE CHICAGO & ALTON RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 8, 1905.**

1. **PASSENGER CARRIERS: Negligence: Boiler Explosion: Pleading: Evidence.** It is alleged ·that an engine exploded because it was unsafe and mismanaged. The proof was an explosion of the. engine and wreck of the car injuring the passenger. *Held,* the allegation was prima facie supported by the proof of the explosion.

2. **Settlement: Attorney and Client: Agency: Authority.** An attorney without special authority may not compromise a claim given him for suit; but when it is admitted he has authority to compromise, a settlement within his apparent authority will bind his principal.

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale,* Judge.

REVERSED.

*Scarritt, Griffith & Jones* for appellant.

(1)   Upon this testimony it must be conceded, first, that attorney Cheatham was authorized to make a settlement for plaintiff and that defendant was so notified; and, second, that if there was any restriction upon ·Mr. Cheatham's authority, defendant and its agent had no notice thereof. Plaintiff is, therefore, bound by the apparent authority vested in his agent and cannot escape the effect of his agent's act on account of secret restrictions, if any, placed upon his authority. Weeks on Attorneys, sec. 216; Mechem on Agency, sec. 279; Hackett v. Van Frank, 105 Mo. App. 384; Law v. Stokes, 3 Vroom (N. J.) 249-90, Am. Dec. 655; Iron Works v. Mfg. Co., 109 Mass. 464.   (2)   Defendant's demurrer to the evidence should have been sustained because of plaintiff's

utter failure to prove the cause of action alleged. Feary v. Railway, 162 Mo. 96; Milling Co. v. Transit Co., 122 Mo. 258.

*Isaac N. Watson* and *Chas. B. Adams* for respondent.

(1) There is no pretense in this case that plaintiff authorized attorney Cheatham to settle his claim for fifty dollars, but on the contrary such settlement was a flagrant violation of the instructions given by plaintiff, and was as gross a fraud as ever an attorney perpetrated upon a client. Black v. Rogers, 75 Mo. 448; Lewis v. Rogers, 22 Mo. App. 685; Willard v. Co., 47 Mo. App. 5; State v. Clifford, 124 Mo. 498; Mechem on Agency, secs. 289, 376; Hurley v. Watson, 13 West. Rep. 543. (2) Defendant's demurrer to the evidence was properly overruled. Rose v. Transportation Co., 20 Blachf. 412; Porey v. Scoville, 10 Fed. 140; Young v. Bransford, 12 Lea, 232; Railroad Co. v. Phillips, 49 Ill. 234; same case, 55 Ill. 194; The Reliance, 4 Woods 420; Dunlap v. Reliance, 2 Fed. 249; Spear v. Railroad, 119 Pa. St. 61; Wilkie v. Bolster, 3 E. D. Smith, 325. To the same effect see: Hipsley v. Railroad, 88 Mo. 348; Dougherty v. Railroad, 81 Mo. 325; same case in 97 Mo; Minister v. Railroad, 53 Mo. App. 282.

BROADDUS, P. J.—The plaintiff sues to recover damages as the result of an injury alleged to have been sustained in consequence of the neligence of the defendant as a carrier of passengers.

On the 21st day of June, 1901, plaintiff became a passenger on defendant's railroad at Odessa, Missouri, his destination being Kansas City. While en route and near the city of Independence the boiler or engine exploded which had the effect of injuring many of the passengers, including the plaintiff. The allegation of neg-

ligence in the petition is as follows: "And that by reason of the old, worn and defective condition of said engine, the same not having sufficient strength to stand the pressure of the steam, and by reason of the improper management of the same, and by reason of such defective condition and wrong management of the same, the said engine exploded, wrecking said train as aforesaid and injuring plaintiff as aforesaid."

The defendant contends that there was no evidence sustaining the allegations of the petition that the engine was old and defective or that it was mismanaged. The substance of plaintiff's evidence is, that the engine exploded and wrecked the car in which plaintiff was a passenger. There was nothing to show directly, in the way of testimony, that the engine was either old or defective, or that there was any mismanagement of it. A similar question has been before the appellate courts of this State. In Dougherty v. Railway, 81 Mo. 325, the alleged ground of recovery was that the street car was so carelessly, unskillfully and negligently operated that plaintiff was suddenly and violently thrown down against the side of the car, which resulted in plaintiff's receiving certain injuries. The defendant contended on appeal that it was incumbent on the plaintiff to show affirmatively the connection between the injury and the misconduct of the carrier. The court from the authorities deduced the following: "That where the vehicle or conveyance is shown to be under the control, or management, of the carrier or his servant, and the accident is such as, under an ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." In the case of Hipsley v. Railway, 88 Mo. 348, the facts were that the plaintiff was injured by reason of the derailment of the train causing the overturning of the car on which he was a passenger. The

court held that upon such proof the plaintiff made out a prima facie case of negligence.

In Mullen v. St. John, 57 N. Y. 567, the plaintiff, who was upon a street sidewalk, was injured by the fall of an unoccupied building owned by the defendant, and it was held that, from the happening of such an accident, in the absence of explanatory circumstances negligence should be presumed, and the burden was cast upon the owner to disprove it. In Rose v. Transportation Co., 20 Blatchf., 412, a case arising out of the explosion of a boiler, the court said: "In the present case the boiler which exploded was in the control of the employees of the defendant. As boilers do not usually explode when in a safe condition and properly managed, the inference that this boiler was not in a safe condition, or was not properly managed, was justified," etc. See also Spear v. Railway, 119 Pa. St. 61; Railway v. Phillips, 49 Ill. 234; Porey v. Scoville, 10 Fed. Rep. 249.

It seems clear that the allegations of the petition that the engine was unsafe or mismanaged, under all the authorities, was supported prima facie by the proof of the explosion.

The defendant in its answer after a general denial pleads the following special defense: "That on or about August 1st, 1901, plaintiff, through his duly authorized agent and attorney, one, W. L. Cheatham, in consideration of fifty dollars, paid by defendant, fully compromised and settled the claim or cause of action upon which this action is based, and accepted said amount in full satisfaction," etc. The reply put this allegation of the answer in issue and specifically alleges that if such settlement was made it was without authority and was accomplished by fraud and collusion between the agents of defendant and said Cheatham to defraud plaintiff. There was evidence to the effect that one, F. C. Urfer, the authorized agent of defendant, applied to plaintiff

in order that he might adjust his said claim for his injuries, at which time plaintiff, as he stated, told the agent that he would not settle with him until he saw Mr. Cheatham, his agent and attorney, who had charge of his claim. When Urfer insisted on a settlement plaintiff told him he "would not do it; that would not be treating him (Cheatham) right." Plaintiff also stated that at Mr. Cheatham's suggestion his claim for damages was made out for $1,000; and also that he told the agent he would not make a price, and that he would not do so until he took it out of Cheatham's hands. At another time, while testifying, he stated that he only authorized Cheatham to settle on a basis of seventy-five cents on the dollar. And that he did not authorize Cheatham to bring suit. But that he wanted him to compromise the claim on his plan, and that he did not want a suit with the defendant. When Cheatham reported to plaintiff that he had settled for $50 he repudiated the settlement and refused to take any part of the money. The evidence of Cheatham, Urfer and R. N. Taylor, an attorney, all went to show that plaintiff gave Cheatham full authority to settle his claim with the defendant company.

It is conceded that an attorney employed to bring and prosecute a suit has no power by reason of such employment to compromise his client's claim. As a matter of course, he may do so if authorized by his client. It is admitted that Cheatham was authorized by plaintiff to compromise his claim against the defendant for damages. But plaintiff contends that Cheatham's authority in so doing was restricted to a settlement at a sum not less than seventy-five per cent of the amount claimed. But said attorney, under the facts stated, was his agent with apparent full authority to compromise his claim without any restriction whatever. He is therefore bound by the act of his agent. In M'Lachlin v. Barker, 64 Mo. App. 511, the court, in passing upon a similar

case, said: "It makes little difference if defendant did, as claimed, instruct this general agent only to receive cash in payment for the stock subscribed in the new corporation. The plaintiff and other parties knew nothing of this limitation and could not know thereof by the exercise of ordinary care. They had a right to act on such appearances as were held out with defendant's knowledge," citing Mechem's Agency, section 707, et seq; Johnson v. Hurley, 115 Mo. 513, and Mitchum v. Dunlap, 98 Mo. 418. And the law as stated is recognized by the St. Louis Court of Appeals in Hackett v. Van Frank, 105 Mo. App. 384; Ry. v. Ry., 110 Mo. App. 300, 85 S. W. 966. In New Jersey the principal is bound by the acts of his agent within the scope of his apparent authority. [Law v. Stokes, 3 Vroom.] And also in Massachusetts. [See Steel Works v. Mfg. Co., 109 Mass. 464.]

It therefore follows that defendant's instruction in the nature of a demurrer to the plaintiff's case should have been given, for which reason the cause is reversed. All concur.