M. S. REYNOLDS, Respondent, v. CHICAGO, BUR-
LINGTON & QUINCY RAILROAD COMPANY,
Appellant.

**Kansas City Court of Appeals, November 6, 1905.**

1. **RAILROADS: Principal and Agent: Appointment: Circumstances.** Although in the absence of express appointment, ratification or estoppel, there is insufficient evidence of agency, yet agency and its extent may be inferred from all the circumstances.

2. ———: ———: **Authority: Judicial Notice.** Courts cannot take judicial notice of the duties of officers of a railroad company, but the evidence tends to show and warrants a finding that a certain adjusting agent was put forward as a general agent, and third persons could not be bound by unknown restrictions of his apparent authority.

3. ———: ———: **Adjuster: Authority.** An agent of a railroad to settle claims for personal injuries has authority to bind the company for medical services to an injured person and it is immaterial that he did not originally employ the physician.

Appeal from Gentry Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*C. H. S. Goodman* for appellant.

(1) The acts of the agent bind the principal only when within the scope of his authority, or when the prin-

cipal has by ratifying them made the unauthorized acts of the agent his own. Flesh v. Lindsay, 115 Mo. 1. (2) In the absence of express appointment of ratification or of an estoppel there is no evidence of agency. Alexander v. Rollins, 84 Mo. 657. (3) The authority of a person to act as agent for another cannot be shown by evidence of the declarations or admissions of the agent. Mitchum v. Dunlap, 98 Mo. 418; Timber & Iron Co. v. St. Louis Cooperage Co., 112 Mo. 383; Hackett v. Van Frank, 105 Mo. App. 384; Bank v. Seyser, 116 Mo. 57; Bank v. Morris, 125 Mo. 343; 2 Greenleaf Evi. (8 Ed.), page 58, sec. 63; 2 Burr Jones En., secs. 256, 257. (4) Conceding that plaintiff was employed by Wood to attend Coffey, Wood's acts will not bind the company unless he had authority to contract with plaintiff, and this authority will not be presumed from his position as adjuster of claims for personal injuries. Tucker v. Railroad, 54 Mo. 177; Brown v. Railroad, 67 Mo. 122; Mayberry v. Railroad, 75 Mo. 492; Harris v. Fitzgerald, 56 Atl. 315; Farber v. Railroad, 32 Mo. App. 378; Railroad v. Gray, 22 Fla. 356; Railroad v. Hoover, 53 Ark. 377; Railroad v. McMurray, 98 Ind. 358; Railroad v. Morris, 67 Ill. 295; Railroad v. Smith, 721 Ind. 353; Canney v. Railroad, 63 Cal. 500; Mayberry v. Railroad, 75 Mo. 492. (5) There is no estoppel in this case. There can be no estoppel unless the plaintiff was deceived or misled by the acts, conduct or silence of the defendant. Boles v. Perry, 51 Mo. 449; Spurlock v. Sproule, 72 Mo. 503; Acton v. Dooley, 74 Mo. 63; Hequenbourg v. Edwards, 155 Mo. 514; 2 Pomeroy's Eq. Jur. (1 Ed.), secs. 804-5; Bliss Code Pleading (3 Ed.), sec. 364; Realty Co. v. Musser, 97 Mo. App. 114; Noble v. Blount, 77 Mo. 235; Fay v. Slaughter, 194 Ill. 157. (6) Appellant earnestly contends that there was no evidence adduced on the trial of this cause sufficient to send the case to the jury. Terry v. Taylor, 33 Mo. 323; Hammerstough v. Cheatham, 84 Mo. 13.

*McCullough, Aleshire & Showen* for respondent.

(1) In this case the evidence shows Major Wood to be claim agent for appellant and we find him sending Mr. Ballew, an agent of appellant, to Albany, within six days after the injury to Mr. Coffey. The evidence further shows that Mr. Ballew was in consultation with Mr. Coffey and his physician and was anxious to have Mr. Coffey's location changed to his home at King City, and have him treated by Dr. Reynolds, his family physician. On July 8, Major Wood spends three hours with Mr. Coffey at Alanthus, Missouri, and confirms the action of Mr. Ballew and promises to go back to King City, within thirty days. (2) It is a well-established principle of agency, that the authority of an agent need not necessarily be proved by an express contract of agency but may be proved by the habit and course of business of the principal, and is sufficient if from all of the evidence and circumstances, he was shown to be the agent of defendant for that purpose. Franklin v. Ins. Co., 52 Mo. 461; Brooks v. Jameson, 55 Mo. 505; Hull v. Jones, 69 Mo. 587; Mitchum v. Dunlap, 98 Mo. 418; Nicholson v. Golden, 27 Mo. App. 132; Ingalls v. Averitt, 34 Mo. App. 371; Watkins v. Edgar, 77 Mo. App. 148. (3) Major Wood and Mr. Ballew were the agents of defendant, and they could have proven by the officers of the company whether or not they were authorized to have plaintiff treat Mr. Coffey, and if authorized, they could have proven by Major Wood or Mr. Ballew the fact as to whether or not they did make the employment. Minter v. Railroad, 82 Mo. App. 130.

BROADDUS, P. J.—On the 20th day of May, 1902, one R. B. Coffey while a passenger on defendant's train was injured in a wreck near Albany, Gentry county, Missouri. The agent at the station caused him to be moved to a hotel in said town and sent for physicians to attend his injuries. About five days thereafter, Coffey

sent for the plaintiff, his family physician, to consult with the doctors already in attendance in reference to his treatment, and removal to his home in King City about seventeen miles distant. Previously, however, one Ballew, who was the stock agent of defendant, had been to see Coffey and had consulted with the doctors in attendance and had joined in the said request of Coffey for plaintiff for said consultation. Plaintiff treated Coffey for his injuries for about thirty days while he was at Albany, when he was removed to his home in King City, after which time he was his regular attending physician.

On the 8th day of July, one Major Wood, who claimed to have authority to adjust claims against defendant for personal injuries, saw Coffey at King City and made inquiries as to the kind of care he was receiving and the treatment that plaintiff was administering to him. Wood saw Coffey more than once after he was moved to King City, at one of which times, when the question came up who was to pay plaintiff for his services, he said, "We pay all bills." At one time plaintiff had a conversation with a Mr. Dickens, the station agent of defendant at King City, in which he said to the agent that he was not satisfied with the progress made by Coffey, and that he wished a consultation in the case. The agent referred him to Wood, and Wood came to King City.

Coffey compromised his claim against defendant for $2,500, but, in so doing, he did not include the medical bill of the plaintiff. At the time of the said compromise, plaintiff was summoned to St. Joseph, Missouri, where the settlement was consummated. Plaintiff was sent for to confer with Dr. Geiger, defendant's general physician and surgeon, and other doctors in reference to Coffey's injuries. Wood, for his services and expenses in that matter, as agent of the defendant, allowed and paid them.

The defendant introduced no evidence and at the

114 app—43

close of plaintiff's testimony offered a demurrer to his case, which the court overruled. The jury, under the instructions of the court, returned a verdict for the plaintiff in the sum of $478, upon which judgment was rendered and defendant appealed. It is contended that there is no evidence to show that Wood or any one else had authority to bind defendant for the payment of plaintiff for his services so rendered.

In Alexander v. Rollins, 84 Mo. 657, the court, it seems, approved the following headnote to the decisions in the same case, found in 14 Mo. App. 109, as follows: "In the absence of express appointment, or ratification, or of an estoppel, there is no sufficient evidence of agency." Without attempting to analyze the meaning of the rule mentioned, the Supreme Court, both before and since said decision, has uniformly held that, not only agency, but its extent, may be inferred from circumstances. [Mitchum v. Dunlap, 98 Mo. 418; Hull v. Jones, 69 Mo. 587; Brooks et al. v. Jameson, 55 Mo. 505, and other cases.] The circumstances given in evidence are very persuasive that Wood was defendant's adjuster in personal injury cases, as it approved and paid claims so adjusted by him. In that respect the proof of his agency is within the rule adopted in Alexander v. Rollins, supra.

Defendant contends that, notwithstanding it may be conceded that Wood was the defendant's adjuster for claims for personal injuries, he did not have the authority, as such agent, to contract with the plaintiff for his services to Coffey. In Tucker v. Railroad, 54 Mo. 177, it is held: "That station agents and conductors of a railroad are not authorized by virtue of their position to employ a physician at the expense of the railroad to attend to one of its brakemen injured by its cars." Drugs furnished to a person, who had been hurt by defendant's locomotive, on the order of a division superintendent, without proof that he was authorized to give the order, is not binding on the company. The court can

not take judicial notice of the duties of such an officer. [Brown v. Railroad, 67 Mo. 122.]

A physician in the employ of a railroad and authorized to buy medicine on the credit of the company does not imply the power to bind the company by contract for board, lodging, etc., for persons injured on the company's road. [Mayberry v. Railroad, 75 Mo. 492.]

The rule as applied to the three cases last cited is not denied. But the evidence here tends to show that said agent was acting within the scope of his authority when he employed and agreed to pay plaintiff for his attendance on Coffey. The acts of said agent in visiting the injured, employing doctors, and consulting with them in reference to their condition and treatment, taken in connection with the acts of defendant in paying for the services of such doctors, was proper evidence to go to the jury; and was sufficient to support the finding that said Wood, when he employed and agreed to pay plaintiff for his attendance on Coffey, was acting within the scope of his authority. The said Wood appears to have been put forward as a general agent in looking after such persons, and was placed in a position where others were justified in the belief that his powers were general in that respect and whatever restrictions may have been imposed on said agent as between him and defendant could have no effect on the rights of third persons, who had no knowledge of the restrictions or limitations upon his apparent authority. [Railroad v. Railroad, 110 Mo. App. 300; Cross v. Railroad, 141 Mo. 132; same 71 Mo. App. 585.]

But we are of the opinion that, as agent of defendant to settle claims against it for personal injuries, he was within the scope of his authority in agreeing to pay plaintiff for his services as physician for Coffey; and as it was necessarily a part of the latter's claim for damages, it was immaterial whether this agreement to pay was made with plaintiff or with Coffey; and it was also immaterial whether he employed plaintiff to ren-

der the services in the first place. [Kelly v. Railroad, 113 Mo. App. 468, and cases cited.] We find no error in the record. Affirmed. All concur.