NORTHWEST THRESHER COMPANY, APPELLANT, v. EDDY-VILLE STATE BANK, APPELLEE.

FILED DECEMBER 18, 1907.  No. 15,032.

1. **Appeal:** WAIVER. Points not presented in the supreme court will be deemed to be waived.

2. **Principal and Agent:** APPARENT AUTHORITY. "The apparent authority of an agent which will bind his principal is such authority as the agent appears to have by reason of the actual authority which he has." *Creighton v. Finlayson,* 46 Neb. 457.

3. ———: ———. "Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton,* 49 Neb. 644.

4. ———: GENERAL AGENT: AUTHORITY. An agent who, by his contract of employment, is constituted a general collection agent,

and who, in the performance of his duties as such agent, agrees to place in the hands of a bank, for collection, notes received by him for his principal as part of the consideration for the sale by him to a third person of machinery belonging to his principal, has the power to bind his principal by a contract with said bank, authorizing the bank to make advancements for freight upon the machinery so sold and to retain the amount so advanced from the first moneys collected upon said notes and contracts.

5. **Appeal: Verdict: Evidence.** "Where there is sufficient evidence to sustain a verdict it will not be set aside, notwithstanding the supreme court might have found differently from the jury upon the testimony." *Fairfield v. Kern*, 48 Neb. 254.

6. **Evidence** examined, and *held* sufficient to sustain the verdict of the jury and judgment of the court.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Wilson & Brown,* for appellant.

*E. A. Cook,* for appellee.

FAWCETT, C.

This was an action by appellant, a manufacturer of threshing machines, against appellee to recover a remainder of $170.11 claimed to be due upon certain notes which appellee had collected for appellant, and which appellant claimed appellee failed and refused to remit. Appellee admits having received the notes for collection, admits that it collected the sum of $270.91, and alleges that it remitted to appellant the sum of $100.80, and that it was entitled to retain the remainder of $170.11 as compensation for money advanced for the payment of freight upon a threshing machine which appellant had sold to one G. W. Smith under a contract entered into between appellee and appellant through appellant's agent, J. T. Clark. For reply appellant admits the sale of the machine to Smith, and the receipt of the notes of certain farmers, and "denies each and every allegation in said answer contained not herein specifically denied." These

are substantially the issues upon which the case was tried in the district court. There was a verdict in favor of appellee. Appellant's motion for a new trial was over-ruled, and judgment entered upon the verdict, and the case is now here for review.

Appellant assigns a large number of errors in its motion for new trial in the court below, and also in its assignment of errors in this court, but in its brief filed in this court only four of its assignments are discussed, and hence these only will be considered. Appellant's contentions here are, first, that no such contract was ever made by Clark; second, that if Clark made any such contract he was with-out authority so to do; third, that the contract between appellant and Smith, being in writing, could not be varied by parol; and, fourth, that the court erred in giving in-struction No. 2, requested by appellee. We will consider these assignments in the order above named.

The evidence discloses that Clark, as agent for appel-lant, went to Eddyville for the purpose of trying to sell a threshing machine, having learned, in some manner not disclosed, that some one at that place desired to purchase a machine. On arriving at Eddyville he met Smith and entered into the contract with him, which appears in the record as defendant's exhibit 1. This contract required Smith to pay the freight charges on the machine. As part of the transaction between Clark and Smith in negotiating the sale of the machine, they together took a trip into the country and interviewed a large number of farmers for the purpose of ascertaining about how much threshing Smith would be able to secure during the first season. Defendant's exhibit 2 is a list of the farmers whom they induced to agree to employ Smith to do their threshing that year. These farmers first signed contracts. After Smith received the machine a large number of them gave their notes and evidently took up their contracts. The notes so taken were the ones which were finally sent to appellee for collection. The testimony of appellee's wit nesses is to the effect that Clark and Smith went to ap-

pellee's bank and gave the officers of appellee the particulars of the deal, showed them the contracts which they had obtained from the farmers, and obtained from the officers of the bank their judgment as to the responsibility and integrity of the farmers who had signed those contracts; that Clark then asked if they thought Smith would have the money to pay the freight, and was told by appellee's officers that they were satisfied Smith would not have the money; that Clark then asked them if they would advance the freight for Smith; that they refused to do so, and that they then agreed with Clark that if he would give them the collection of the contracts, and of the notes that might be issued in lieu thereof, they would advance the freight and reimburse themselves by deducting the amount so paid from the first collections made upon the notes and contracts; that in accordance with this agreement, when the machine arrived, they paid the freight upon it, amounting to $170.11. The evidence for and against the making of the contract is decidedly conflicting. So far as the positive testimony of the witnesses is concerned, there is a decided preponderance in favor of appellee, but the circumstances disclosed by the correspondence between appellant and appellee tend strongly to corroborate appellant's contention. While an examination of the entire record leaves some doubt in our minds as to the making of the contract claimed by appellee, we are unable to say that the verdict of the jury was manifestly wrong, and, that question having been properly submitted to the jury, we do not feel that we can disturb its finding.

In support of its second assignment that Clark had no authority to make the contract, appellant contends that Clark's only authority was as a salesman; that he had no authority to make the contract with appellee, which appellee relies upon, and reference is made to the contract of employment between appellant and Clark appearing in the record as exhibit A, attached to the deposition of G. E. Wilson, general manager and secretary of appellant. We seriously doubt appellant's right to question the authority

of Clark under the general denial in its reply, but, as appellee does not discuss that question in its brief, we do not decide it.  We are unable to agree with counsel for appellant in their contention that the contract of employment gave Clark authority to represent appellant as a salesman only.  The contract contains this clause: "It is the intention that said employee is to be principally employed in sales expert and collection work, unless hereafter directed to perform other work by said employer."  It will be seen from this that Clark not only had authority to represent appellant in the selling of the machinery, but that he was also fully authorized to act in the matter of collections.  He therefore had full authority while at Eddyville to negotiate the terms of the sale of the machine with Smith, and also to negotiate with appellee for the collection of the notes and contracts which he was receiving as a part of the consideration for the sale of the machine to Smith.  It is contended by appellant that the contract between Clark and Smith was nothing more than a proposal by Smith for the purchase of the machine, and that it did not become a binding contract until approved by the managing officers of appellant.  While we have some doubt as to the correctness of this contention, we do not decide the point for the reason that, if, in arranging for the collection of the notes and contracts which he was obtaining from Smith, Clark agreed with appellee that appellee should advance the freight and reimburse itself by deducting the amount so paid from its first collections upon the notes, the fact that he failed to disclose the terms of that agreement to his principal would not release appellant from its liability under the contract as made.  If Clark was acting within the scope of his real or apparent authority, appellee was not in any manner responsible for his failure to correctly and fully report his acts to his principal.  Clark's contract with appellee was, in our judgment, clearly within the scope of his powers as the agent of appellant for the collection of those notes and contracts.  He did not by this contract release Smith from

his obligation to pay appellant the amount of the freight. The liability of Smith for the freight on the machine remains and is fully secured by appellant's mortgage; and, the jury having found in favor of appellee on this point, it follows from what we have said that if the court properly submitted that question to the jury its finding cannot be disturbed.

Appellant's third contention that the contract between appellant and Smith, being in writing, cannot be varied by parol does not arise in this case. Appellee was in no sense a party to the contract with Smith. The contract between appellant and appellee did not purport to release Smith from his obligation to pay the freight nor in any manner change the terms of the contract between appellant and Smith. It was a separate and independent contract, entered into between appellee and Clark as the agent of appellant, and must stand or fall according to its own terms, independently of appellant's contract with Smith.

We come now to appellant's last assignment, that the court erred in giving instruction No. 2, requested by defendant. The instruction reads as follows: "Ostensible authority to act as agent may be conferred if the party (to) be charged as principal affirmatively or intentionally, or by lack of ordinary care, caused (causes) or allows third persons to trust and act upon such apparent agency; and in this case, if the jury believe from the evidence that said J. T. Clark had the apparent authority to contract for the payment by the defendant bank of the freight on the threshing outfit purchased by George W. Smith, then the plaintiff is bound by the acts of said J. T. Clark, and, if you believe that the defendant by a preponderance of the evidence has established the making of said contract to pay said freight and retain the same out of the collections made by it for plaintiff, then your verdict will be for the defendant." The only objection made to this instruction by appellant is as to the first clause. Counsel say: "It will be noted that the court uses the language,

'ostensible authority to act as agent may be conferred if the party (to) be charged as principal affirmatively or intentionally, or by lack of ordinary care, caused (causes) or allows third persons to trust and act upon such apparent agency.' This instruction is erroneous, for the reason that there is no evidence in the record that could possibly impute to the plaintiff any acts or omissions which would affirmatively or intentionally, or by lack of ordinary care, give third persons the right to believe that the agent, Clark, had authority to bind the principal for the purpose claimed by the bank herein. Nor is there any evidence that could be said to cause or allow third persons to trust and act upon such apparent agency." This is the only objection urged to this instruction; hence, none other need be considered. We are unable to agree with counsel in their contention. The evidence is that Clark was the agent of appellant, fully authorized to represent them "in sales expert and collection work." This being his actual authority, we think that in making the contract with appellee he was not only acting within the scope of his apparent authority, but that he was acting within the scope of his actual authority; hence, this contention of appellant must also fail.

While, as we have already stated, we have some doubt as to the actual making of the contract, a consideration of the whole record satisfies us that we cannot, without invading the province of the jury, give appellant any relief in this action. We therefore recommend that the judgment of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.