GILMORE PORTLAND CEMENT CORPORATION, APPELLANT, v. M. C. LEINARD, MARY M. LEINARD, AND J. J. PRUITT, RESPONDENTS.*

Springfield Court of Appeals. September 28, 1928.

*Corpus Juris-Cyc References: Agency, 2CJ, section 211, p. 572, n. 32; section 282, p. 640, n. 48.

*J. P. Swaim* for appellant.

*Lz.* BANTA for respondents.

COX, P. J.—This is an action to reform and foreclose a mortgage. The trial court found for defendants and plaintiff appealed.

At the trial no evidence appears to have been offered on the question of reformation of the mortgage and we shall not discuss that question.

The facts are substantially as follows: The defendants, M. C. Leinard and Mary M. Leinard are husband and wife and defendant Pruitt is their son-in-law. The Leinards executed a promissory note for $4000 payable to J. J. Pruitt but not to his order so the note was not a negotiable instrument. This note was secured by a mort-

gage on certain land in Douglas county, Missouri. This note and mortgage were delivered to Pruitt by the Leinards with instructions to use it to raise money for them. Pruitt had bought shares of stock in plaintiff corporation of the value of $5000 and had given his note for that sum and pledged back to plaintiff the $5000 of stock to secure the note. When Pruitt received this note and mortgage of $4000 from the Leinard's he assigned them to plaintiff to secure his debt to plaintiff and then plaintiff returned to Pruitt the stock it then held as security for the debt from Pruitt to plaintiff. Plaintiff, therefore, paid a valuable consideration for the note and mortgage.

The defense is want of consideration; that the Leinards received no consideration for the execution of the note and mortgage. The question in this case is whether that defense is available to the Leinards, the makers of the note and mortgage. It is conceded that the note is not negotiable and that with that fact admitted, it follows that the Negotiable Instruments Law does not apply and there is no question of a holder in due course involved. The rights of the parties must be determined under the law of agency. As between the Leinards and Pruitt, he was their agent and instructed by them to procure money by the use of this note and mortgage and return the money to them. Pruitt was the payee in the note and the mortgagee in the mortgage and the Leinards knew that he could only secure money by the use of this note and mortgage in one of two ways. He could sell them or he could use them as security for money borrowed. As between them, Pruitt had the authority to sell this note and mortgage. He sold them but did not sell them for money nor deliver to the Leinards money representing the value of the consideration he received in the sale. As between the Leinards and Pruitt, their right of action against him is complete, but can they defend against the note and mortgage in the hands of plaintiff who purchased them believing at the time that Pruitt was the owner of them? There can be no doubt that an agent can bind his principle by any act that is within his apparent authority. [Underwood Typewriter Co. v. Realty Co., 165 Mo. App. 131, 139, 146 S. W. 448; Reynolds v. Chicago, B. & Q. R. Co., 114 Mo. App. 670, 90 S. W. 100; Higbee v. Bank, 244 Mo. 411, 425, 148 S. W. 879.]

Apparent authority is defined in Kissell v. Railroad, 194 Mo. App. 347, 188 S. W. 1118, at page 357 as follows: ''The apparent authority of an agent sufficient to bind the principal is such authority as the agent appears to have by reason of the actual authority which he does have. [Northwestern Thresher Co. v. Eddyville State Bank, 114 N. W. 291.] Apparent authority is 'such authority as a reasonably prudent man using diligence and discretion in view of the principal's conduct would naturally suppose the agent to possess.' [St. Louis Gunning Adv. Co. v. Wannamaker, 115 Mo. App. 270, 295.]''

In Sublette v. Brewington, 139 Mo. App. 410, 415, 122 S. W. 1150, one Hilbert was the agent of the plaintiffs to secure a loan for them. They executed a negotiable promissory note for $1000 payable to Hilbert or order for him to use in securing the loan for them. Hilbert borrowed $814 from Brewingstons and executed to them his personal note and without endorsing the note of Sublettes which he held, put it up as collateral security for his own note of $814 to Brewingtons. He used the $814 for himself and did not pay anything to Sublettes. Sublettes then sued Brewingtons asking that they be enjoined from disposing of their note to Hilbert and for its cancellation. It was held that they could not maintain the action. The note they sought to cancel was not endorsed, hence the holder took it subject to notice, if the case had been governed by the negotiable instrument law, but the court held that that law did not apply and decided the case under the law of agency. In discussing that theory of the case the court said, page 415, "That Hilbert was the agent of plaintiffs to negotiate a loan by means of the note, is undeniable. His duty was to obtain a loan upon the security of plaintiff's note which, as a matter of course, would necessarily become the property of whoever could be induced to advance the money on the security offered. His authority was complete. In effect he was empowered to dispose of the paper as freely as if it had been his own. The face of the paper, in fact, was a notice to strangers that it was his property." Had Pruitt disposed of the note in question here for money and converted the money to his own use, this case would be an exact parallel to that one. The fact that he converted the note to his own use by using it for his own benefit could make no difference. The Leinards had clothed Pruit with the apparent ownership of the note and mortgage and that gave him authority in dealing with strangers to handle them and dispose of them as his own property. The fact that he violated the trust that Leinards confided to him would not affect a stranger who had no notice of the facts.

The judgment will be reversed and the cause remanded. *Bradley* and *Bailey, JJ.,* concur.