HOYLE v. FARQUHARSON, *Appellant.*

1. **Several Counts**: VERDICT ON ONE. Where the petition contains several counts, and all of them are submitted to the jury, who re- turn a verdict for plaintiff on a specified one, this is an implied find- ing for defendant on the other counts, and the judgment will be a bar to any subsequent suit on the demands contained in the counts not named in the verdict.
2. **Misjoinder**: WAIVER. Misjoinder of causes of action must be taken advantage of by demurrer or answer, or it is waived.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK- HARTT, Judge.

AFFIRMED.

*John R. Christian* for appellant.

There were five different causes of action stated in the petition, and the verdict being only on one was bad. *Mooney v. Kennett,* 19 Mo. 552; *Clark v. H. & St. J. R. R. Co.,* 36 Mo. 202; *Pitts v. Fugate,* 41 Mo. 405; *State ex rel. v. Dulle,* 35 Mo. 269; *City of St. Louis v. Allen,* 53 Mo. 44; *Owens v. Railroad Co.,* 58 Mo. 386.

*T. B. Kimbrough* for respondent, cited R. S. 1879, § 3512; *Williams v. Fischer,* 50 Mo. 198; *Kellogg v. Malin,* 62 Mo. 429; *Dunn v. Railroad Co.,* 68 Mo. 279; *Reugger v. Lindenberger,* 53 Mo. 364; *Miss., etc., v. Presby. Church,* 54 Mo. 524; *Rickey v. Tenbroeck,* 63 Mo. 563; *Chamberlain v. Smith,* 1 Mo. 482.

HOUGH, C. J.—The petition in this case contains five counts, each of which contains a distinct cause of action and a separate demand for damages. The court seems to have regarded the first four counts as constituting but a single cause of action and indeed but a single count and so instructed the jury. Thus instructed, the jury returned a verdict for the defendant on the first count, and found for

the plaintiff on the second count the sum of $160. The defendant, having pleaded a set-off to what was designated by the court as the first count, the court inquired whether they intended to find any amount for the defendant and they answered in the negative. Thereupon the court instructed them to retire and consider their verdict again, informing them that there were but two counts in the petition, and the jury then returned a verdict for the plaintiff on the second count of the petition for $160. The defendant's counsel contend that this is a general verdict and that as there are five counts in the petition the judgment cannot be permitted to stand. Such a verdict as this was considered in the case of *Marquis v. Clark* 64 Mo. 601, and declared not to be a general verdict. Where there is a petition containing several counts, and all of them are submitted to the jury as in this case, and there is a verdict for the plaintiff on one of said counts, specifying which, there is an implied finding against the plaintiff on the remaining counts, and the judgment will be a bar to any subsequent suit on the demands contained in the counts not named in the verdict.

It is further contended that there was a misjoinder of causes of action. If counsel were correct in this assignment of error we could not notice the point as no such objection was taken either by demurrer or answer. The count on which judgment was rendered is good after verdict and the judgment of the circuit court will be affirmed. The other judges concur.