E. S. Downing, Respondent, v. Missouri, Kansas &
Texas Railway Company, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. Appellate Practice: CONFLICTING EVIDENCE: CREDIBILITY OF WIT-
NESSES. It is for the jury to determine the credibility of witnesses
and the weight to be given to their testimony; and where there is a
conflict, the case is properly submitted to the jury and the appellate
court will not interfere.

2. Railroads: KILLING STOCK: SIGNALS FOR CROSSING: INSTRUCTION.
The statute requiring railroads to give signals at public crossings
does not require both the blowing of the whistle and the ringing of
the bell, and the plaintiff should show there was neither a ringing of
the bell nor a sounding of the whistle and by reason of such neglect
damages resulted and the jury should be so instructed.

3. Trial Practice: DIFFERENT COUNTS: FINDING ON ONE: BAR. If
the petition contains several counts and all are submitted to the jury
and the verdict is for plaintiff on a specified one, there is an implied
finding against the plaintiff on the others and the judgment bars a
subsequent suit on such other counts.

*Appeal from the Vernon Circuit Court.*—Hon. D. P.
Stratton, Judge.

Reversed and remanded.

*Geo. P. B. Jackson* for appellant.

(1) The evidence did not authorize a finding for
plaintiff on the first count. *Henze v. R. R.*, 71 Mo.
636-638; *Isaacs v. Skrainka*, 95 Mo. 517-523; *Jewett
v. R. R.*, 50 Mo. App. 547; *Agan v. Shannon*, 103 Mo.
661; *State ex rel. v. Bank*, 120 Mo. 161. (2) The
plaintiff's first instruction is erroneous and misleading.
It practically and in effect told the jury that unless
defendant's agents gave the signals by both the bell
    Vol. 70 app—42

and the whistle, there was *prima facie* evidence of negligence. *Turner v. R. R.*, 78 Mo. 578. It did not require the jury to find as a distinct and positive fact that there had been a failure to give the statutory signals at the time in question. *Norville v. R. R.*, 60 Mo. App. 414. It wholly disregarded and eliminated the important element in a *prima facie* case, viz.: that the cow was "in a condition and situation to escape if the required signal is given." *Turner v. R. R.*, 78 Mo. 578–581; *Alexander v. R. R.*, 76 Mo. 494. (3) The judgment is erroneous because it does not determine the whole case. *Martin v. Tobacco Co.*, 53 Mo. App. 658; *Mahoney v. Ins. Co.*, 44 Mo. App. 428; *Mooney v. Kennett*, 19 Mo. 554; *Hoyle v. Farquharson*, 80 Mo. 378; *Plank Road Co. v. Bowling*, 53 Mo. 312.

*A. J. Smith* for respondent.

(1) The case was properly submitted to the jury. The evidence on the part of both plaintiff and defendant showed that the cow was not fettered, but was in condition to get off the track or to have remained off had the signal been given, and the theory of the law is that the signal has a tendency to scare stock off. *Kendrick v. R. R.*, 81 Mo. 521, 522; *Turner v. R. R.*, 78 Mo. 578; 16 Am. and Eng. Ency. of Law, pp. 401 and 423, and notes; *Kelly v. R. R.*, 88 Mo. 534, and cases cited; *Hucksold v. R. R.*, 90 Mo. 548. (2) The plaintiff's first instruction is in the disjunctive, and does not require the jury to find that signals were given by both bell and whistle, and if that were the case, instruction number 5, given on the part of defendant, would eliminate the vice. In that instruction the jury are told that plaintiff can not recover unless he prove to the satisfaction of the jury, by the evidence in the case, that defendant failed to give

signal by ringing the bell or sounding the whistle. All the instructions must be taken together. *Carpenter v. Parker*, 64 Mo. App. 60–62; *McCarroll v. Kansas City*, 64 Mo. App. 283–288, and cases there cited. The instruction is not erroneous in its general scope; and if in the opinion of counsel for defense it was misleading or likely to be misunderstood by the jury, it was the duty of the counsel to ask the modification and explanation in an instruction embodying his views. *Browning v. R. R.*, 124 Mo. 55–71; *Lewis v. Humfries*, 64 Mo. App. 473. (3) There was ample evidence to warrant the finding of the jury on the second count. *Kendig v. R. R.*, 79 Mo. 207; *Turner v. R. R.*, 78 Mo. 578; *Halferty v. R. R.*, 81 Mo. 82–99; *Sloop v. R. R.*, 22 Mo. App. 593. (4) The judgment does determine the whole case. There are but two causes of action in the petition, and a judgment on each one. Where there are two or more counts alleging the same cause of action, a general judgment is sufficient. *Silcox & Martin v. McKinney*, 64 Mo. App. 330, and cases cited; *Moffett v. Turner*, 23 Mo. App. 194; 12 Am. and Eng. Ency. of Law, p. 147, and notes; *Persinger v. R. R.*, 82 Mo. 199; *Welsh v. Stewart*, 31 Mo. App. 383; *Ittner v. Hughes*, 133 Mo. 680.

SMITH, P. J.—This is an action to recover damages for the negligent killing of stock.

The petition was in three counts, the first of which alleged that a cow, the property of the plaintiff, was struck and killed by a locomotive and a

<span style="font-variant: small-caps">STATEMENT.</span>

train of cars of the defendant on a public crossing through the negligence of the defendant's servants in failing to give either of the signals required by section 2608, Revised Statutes. The second alleged that two horses of the plaintiff were on the track of the pefendant's railroad where the same crosses one of the

public streets of an incorporated village, and that defendant's servants negligently and carelessly ran a train of cars over plaintiff's horses, killing one and injuring the other, etc. The other alleged that two horses of the plaintiff (the same described in the second count) were struck, one killed and the other injured, by a locomotive and train of cars of the defendant at a place where the defendant's railroad crosses a public street in an incorporated village by and through the negligence of the servants of defendant engaged in operating the said train of cars in failing to give either of the signals required in such cases by the statutory provision previously referred to. There was a trial and verdict for the plaintiff on first and second counts, and judgment accordingly, from which defendant has appealed.

I. The defendant complains that the evidence was insufficient to carry the case to the jury on either count. An examination of the evidence,

APPELLATE practice: conflicting evidence: credibility of witnesses.

as presented by the record, has not impressed us with the conviction that this complaint is well founded. There is much conflict in the testimony. It was for the jury to determine the credibility of the witnesses and the weight to be given to their testimony. The jury would have been justified under the evidence in finding either way. If the plaintiff's witnesses were to be believed, which was for the jury to determine, then there was direct and circumstantial evidence before the jury to warrant the verdict. It would be an unauthorized invasion of the province of the jury for us to undertake to pass upon the credibility of the witnesses or the weight that should be given to their testimony with the view of determining whether the verdict is or is not for the right party. We can not say the account given by the plaintiff's witnesses of the manner in which the several injuries

complained of happened is, on its face, so improbable as to entitle it to no consideration. We do not think there was any error in the action of the court in letting the case go to the jury under the evidence.

II. The defendant objects that the plaintiff's first instruction was erroneous in expression. It told the RAILROADS: kill- jury that the statute required the defend-
ing stock: sig-
nals for cross- ant to blow the whistle at intervals or ring
ing: instruction. the bell continually, beginning at a distance of eighty rods from the place where its railroad track crosses any public road, and that a failure to sound one of these signals is *prima facie* evidence of negligence, and that if the jury believe from the evidence that the plaintiff's cow was killed by defendant's engine at a public crossing by reason of such negligence of the agents of defendant, to find for plaintiff. The defendant insists that this instruction in effect told the jury that it was the duty of the defendant to both sound the whistle and ring the bell as in *Turner v. Railway*, 78 Mo. 578, but we do not think such to be its meaning. It, in words too plain to be misunderstood, declares that a negation by the defendant of *one of these statutory duties was prima facie evidence of negligence*. Or, in other words, if the defendant sounded the whistle but did not ring the bell that this was *prima facie* evidence of negligence. The statute does not require both the blowing of the whistle and the ringing of the bell. Either is sufficient. To make a railroad company liable under the statute, section 2608, it must be shown by the party claiming damages that it neither rang the bell nor sounded the whistle, and that by reason of such neglect damages resulted. *Van Note v. R'y,* 70 Mo. 641. The instruction in question told the jury that if the defendant failed to give one, not both, of these signals a *prima facie* case was made out for plaintiff. The jury might have concluded that the defend-

ant rang the bell but did not sound the whistle or *vice versa* and that under the instruction the defendant was guilty of negligence. The instruction is therefore misleading and should not have been given. The other instructions seem to be well enough in enunciation.

III. The defendant further objects that the judgment did not determine the whole case. As already indicated, the injury complained of in the second count was the same as that in the third. The difference was only in the kind of negligence which occasioned the injury. There was but one injury or damage. The verdict was for the plaintiff on the first and second counts. But there was no finding whatever on the third. The defendant contends that this omission was fatal to the judgment, which was in conformity to the verdict. This objection is sufficiently answered by what is said in *Hoyle v. Farquharson*, 80 Mo. 377, which was to the effect that when there is a petition containing several counts and all of them are submitted to the jury, as here, and there is a verdict for plaintiff on one of said counts, specifying which, there is an implied finding against plaintiff on the remaining counts, and the judgment will be a bar to any subsequent suit on the demand contained in the counts not named in the verdict. Besides this, it appears that the attention of the trial court was not called to the omission of the jury to find on the third count. *Marquis v. Clark*, 64 Mo. 601.

It results that on account of the error in respect to the giving of the plaintiff's first instruction the judgment must be reversed and the cause remanded. All concur.

TRIAL practice: different counts: finding on one: bar.