ROBERT S. PHILLIPS, Respondent, v. GEISER MANUFACTURING COMPANY, Appellant.

Kansas City Court of Appeals, January 27, 1908.

1. **TRIAL PRACTICE: Verdict: Evidence.** Where the evidence supports the finding of the jury it is conclusive upon the parties.

2. **PRINCIPAL AND AGENT: Proof: Evidence.** Agency may be inferred from facts and circumstances, and the evidence in the record is held sufficient to warrant such finding.

3. **———: Evidence: Agent's Declaration: Res Gestae: Harmless Error.** A declaration of an agent when not a part of the *res gestae* nor in the scope of his employment, is not competent evidence, but on the facts in this case the admission is held harmless.

4. **TRIAL PRACTICE: Contract: Pleading: Quantum Meruit: Joinder of Counts.** It is proper to unite in the same petition counts on contract and on *quantum meruit*.

Phillips v. Geiser Mfg. Co.

5. ——: Counterclaim: Evidence: Verdict: Harmless Error. A failure of the jury to notice in their verdict a counterclaim submitted in the instructions is held harmless error, since on the evidence the court could well have instructed a verdict on that issue.

6. ——: Contract: Pleading: Quantum Meruit: Verdict. The finding for plaintiff on three counts of a petition is equivalent to a verdict for defendant on the remaining counts.

Appeal from Livingston Circuit Court.—*Hon. Frank H. Trimble*, Judge.

AFFIRMED.

*W. R. Clarke* for appellant.

(1) Plaintiffs alleging contracts with corporations as the basis of recovery in an action should, when the contract is an issue by a positive denial, not only prove that it was made with some agent, being its duty or ratified by corporation having knowledge or authorized by competent evidence. Griffin v. Railway, 22 Mo. App. 622. (2) A special agent's authority must be proved. Beusberg v. Harris, 46 Mo. App. 406; Alt v. Grosclose, 61 Mo. App. 412. (3) Agent's declaration and conversation after the alleged contract is purely hearsay evidence and establishes no agency or no authority of agent. Harper v. Telegraph Co., 92 Mo. App. 313. (4) All courts do not take judicial notice and assume that the secretary of a corporation, as such, has authority to make contracts unless authority is proved. Shoe Co. v. Iron Works, 51 Mo. App. 72; Hardware Co. v. Grocery Co., 64 Mo. App. 681. (5) If plaintiff complies with the terms of an express contract he may sue either in assumpsit or upon the contract, but his petition should not cover both forms of proceedings. Kennerly v. Summerville, 64 Mo. App. 75; Snyder v. Gericke, 101 Mo. App. 652. (6) Verdict which ignores the counterclaim to be set aside on motion and arrest. Ring v. Vogal, 44 Mo. App. 111, 142; Henderson v. Davis, 74 Mo. App. 1.

*Kitt & Taylor* for respondent.

(1)    Appellant first assigns as error the action of the court in refusing to require the plaintiff to elect upon which counts of his petition he would go to trial, whether on the contract or *quantum meruit.* In reply respondent says that this assignment of error is not properly before the court, as the same is not preserved in the bill of exceptions and was not brought to the attention of the court in the motion of a new trial. Moore v. Gaus & Sons, 113 Mo. 107; Light and Heat Co. v. Doud, 47 Mo. App. 439.    (2)    The second assignment of error, the action of the court in overruling demurrer of the appellant at the close of the respondent's evidence as to the three sales of machinery sued on. In answer to this assignment respondent says that his evidence, when taken as a whole, is undoubtedly sufficient to require the court to submit his case to the jury as to the three sales of machinery sued for.    Reynolds v. Railway, 114 Mo. App. 670; Nelson v. Railroad, 66 Mo. App. 647; Turner v. Railroad, 51 Mo. 501; Southgate v. Railroad, 61 Mo. 89; Hull v. Jones, 69 Mo. 587; Hoppe v. Sailor, 53 Mo. App. 7; 1 Beach on Private Corporations, p. 335; Holmes v. Board, 81 Mo. 137; 1 Beach on Private Corporations, secs. 329 to 337; Morawetz on Private Corporations, secs. 503, 504, 636-638. (3)    An examination of the instructions will show that the same are based upon the evidence introduced at the trial.    (4)    While the petition contains several counts, and all of them submitted to the jury, who return a verdict for plaintiff on specified ones, this is an implied finding for the defendant on the other counts; and the judgment will be a bar to any subsequent suit on the demands contained in the counts not named in the verdict.    Downing v. Railway, 70 Mo. App. 662; Hoyle v. Farquharson, 80 Mo. 377; Marguis v. Clark, 64 Mo. 601.

BROADDUS, P. J.—This is a suit wherein plaintiff claims commission as the agent of the defendant for the sale of certain goods. The petition contains six counts, three of which declare on contract and the others on *quantum meruit*. In other words the plaintiff has set out his three different causes of action in two different forms.

The defendant is a manufacturing corporation with its principal place of business at Waynesborough, Pennsylvania, having separate branch offices and places of business at different points among which is Kansas City, Missouri. The defendant employs agents in different localities to sell products. The plaintiff who resided at Chillicothe, Missouri, who was desirous of entering the employment of the defendant as agent for the sale of its goods, went to Kansas City for that purpose with a letter of recommendation from Scruby Brothers, agents of defendant at Chillicothe, and made application for employment. This was in July, 1906, at which time Mr. England was the managing agent at that place. Mr. S. E. Elder, a traveling salesman of defendant, introduced plaintiff to a Mr. J. A. Middower, the secretary of defendant in the office at Kansas City. At this time Middower, according to plaintiff's testimony, said to plaintiff that he would give him a job in the territory around Chillicothe to sell on commission; and that after a sale or two if he proved satisfactory he would put him on a salary. The plaintiff's compensation was to be a commission of twenty-five per cent for the sale of new goods and thirty per cent for the sale of old goods. He was given a list of the prices of the goods to be sold. While this conversation was going on England had left the room. The plaintiff made a sale to Joseph Postlewait and William Vanderpool on November 1, 1906, of a traction engine for the price of $800, which was delivered by defendant in November, 1906, and the purchase price received by defendant. The

order for the engine was in writing and there was written and printed upon it the following words: "Order taken by Robert Phillips, changed by S. E. Elder. Order sent in by Scruby Bros., G. & I. Co."

In October, 1906, the plaintiff sold to William Wilson a power traction engine which on the payment of the purchase price was delivered by the defendant to the purchaser. The plaintiff's name does not appear on this order but that of Elder as a party who took it but the plaintiff's evidence tended to show that he negotiated the sale.

On September 15, 1906, the plaintiff sold a Geiser Sawmill to Arthur Forqueran, and sent in the order therefor which the defendant delivered to the purchaser.

There is some evidence upon the part of the defendant that the contracts in some of these instances made by plaintiff with the purchaser were changed in some respects by Elder but the parties disagree as to that matter. The defendant tried the case upon the theory that Middower had no authority to employ agents but that such authority was lodged in England. The defendant claims that the plaintiff was not its agent but that he was working for Scruby Brothers, its local agents in that territory, but William Scruby, a member of that firm, testified that he had no arrangement of that nature with the plaintiff.

The defendant, for the purpose of showing that contracts for the employment of agents could only be made by England, introduced the one constituting Scruby Brothers its agents, which purported to be signed by the defendant company by George M. England upon which is the following indorsement: "This agreement is executed in duplicate and is not binding upon either party unless countersigned by said first party's secretary"; and which was signed by "J. A. Middower, Secretary." To the introduction of this document the plaintiff excepted. There is a reference to an exhibit

offered for the same purpose, but the contents of the paper is not to be found in the abstract. The evidence on the whole shows that whereas England was nominally the business manager of defendant at Kansas City, the secretary, Middower, as a matter of fact performed that duty to a large extent with the knowledge and approval of the defendant and especially such was the case in connection with plaintiff. The finding of the jury for the plaintiff on that question is conclusive upon defendant under the facts stated as the evidence amply justified it.

The said Middower assumed to act in the premises and the evidence tends to show that his act met with the approval of the defendant as the goods sold by him were delivered and the purchase price received. And the jury might well have assumed from all the facts that England, who is claimed to have been defendant's manager, also approved of plaintiff's agency. He and Middower were in the same office together and if he had general charge of the business he could not but have known that plaintiff was selling the goods which were delivered on his orders. Agency may be inferred from facts and circumstances. [Reynolds v. Railroad, 114 Mo. App. 670; Nelson v. Railroad, 66 Mo. App. 647; Holmes v. Kansas City Board of Trade, 81 Mo. 137.] And such is the rule as stated by all modern text writers on the subject.

On the trial Mr. Peters, a witness for plaintiff, who had also applied to Mr. Middower for employment, was allowed to state over defendant's objections that Middower said that plaintiff was working for defendant; and that he made a similar statement to Henry Graham. The object in introducing this evidence was to show that the defendant's officers had knowledge that plaintiff was in its employ. It is a well-known rule of law that the declaration of an agent when not a part of the *res*

129 App—26

*gestae* and not within the scope of the agent's employment is not competent evidence. The evidence was not admissible because it was not a part of the *res gestae*. But as neither England nor Middower were called upon to testify as to that matter and as England did know that plaintiff was working for defendant, the fact practically stood uncontradicted. The error therefore could have worked no harm to the defendant.

Before the introduction of any evidence the defendant asked that the plaintiff be required to elect whether he would proceed on his counts on contract or those on *quantum meruit*. The court refused defendant's request. As defendant failed to call attention to the alleged error in its motion for a new trial it is not in condition to raise the question here. But it was not erroneous. It was formerly held that an action on contract and *quantum meruit* should not be joined in the same petition. [Kennerly v. Sommerville, 64 Mo. App. 75.] But the question was before the Supreme Court in Williams v. Railroad, 112 Mo. 463, and Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98, where such former holding was overruled and it was held that it was proper to unite in the same petition a count on contract and one on *quantum meruit*.

The defendant pleaded a set-off or counterclaim for goods delivered to plaintiff and not returned according to the contract. The jury failed to return a verdict as to the counterclaim or setoff, although the court instructed them to do so. It was admitted that there was a contract between the parties wherein plaintiff was the authorized agent of the defendant to sell gas or gasoline engines for the season beginning January 1, 1907. It seems from all that we can gather from the record that plaintiff had in his possession a pump and pump-jack used in connection with said engines. There was no evidence that plaintiff had ever sold it or converted it to his own use and it was shown that no demand

had ever been made upon him for its return to defendant and it further appeared that plaintiff was in possession of the articles holding them subject to the defendant's order. The contract between the parties provides that plaintiff shall, "hold all unsold goods subject to the order" of defendant until sold or ordered away by defendant. In the face of the positive testimony that there had been no such order the court should have instructed the jury to find for plaintiff on said counterclaim.

Objection is made to the form of the verdict. The finding for plaintiff on three of the counts of the petition was equivalent to a finding for the defendant upon the remaining counts for which reason the verdict is not subject to any objection. [Hoyle v. Farquharson, 80 Mo. 377; Downing v. Railroad, 70 Mo. App. 657.]

Finding no material error in the record, the cause is affirmed. All concur.