## HAM & HAM LEAD AND ZINC INVESTMENT COMPANY, Appellant, v. CATHERINE LEAD COMPANY.

Division Two, February, 2, 1917.

1. **TRIAL: New Trial on All Counts After Adverse Verdict on Some: Distinct Causes.** Where plaintiff sues defendant in two or more counts on separate and distinct causes of action, and recovers on the first, but loses on the others and files no motion for a new trial on them, but a new trial is granted defendant on the first count, plaintiff cannot have the issues made in the other counts again submitted to a jury. If each count states a distinct cause of action the issues contained in each are foreclosed by an adverse verdict thereon unless he files a motion for a new trial thereon.

2. ———: ———: **Rights Arising Out of One Transaction.** But where plaintiff sued to recover commissions for the sale of mining stock, and the first count of his petition was bottomed on contract and the third was for *quantum meruit,* and the jury returned a verdict for him on the first count for the full amount he had sued for, but a verdict for defendant on the third count, and plaintiff filed no motion for a new trial on the third count, but defendant asked and obtained a new trial on the first count, plaintiff did not lose the right to try out, on a subsequent trial, the issue of *quantum meruit* on the third count. Since there is only one cause of action, the granting of a new trial to defendant on the first count served to give plaintiff a right to a trial on the third count though he had not moved for a new trial on that count and no contract is shown upon which a verdict on the first count can stand.

3. **VERDICT FOR RIGHT PARTY.** A judgment for defendant will not be affirmed on appeal on the theory that it is a righteous one and for the right party, where plaintiff has erroneously been denied a trial upon one count of his petition.

4. **SALES: Right to Commission: No Contract.** If defendant lead company, knowing that plaintiff was endeavoring to sell its mine, acquiesced therein, encouraged and furthered his efforts in that behalf, and accepted the offer of and sold to a purchaser whom plaintiff was the sole efficient producing actor in furnishing to defendant, upon terms and conditions which defendant knowingly allowed, or induced plaintiff to offer to such purchaser, then the law implies a promise on the part of the defendant to pay plaintiff as much as his services, as the efficient producing cause in so bringing about such sale, were worth.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

REVERSED AND REMANDED.

*Joseph Wheless* for appellant.

Where the same cause of action is sued on in different counts, and judgment is for plaintiff on one count and for defendant on the other, "the reversal of the judgment, without qualifying or limiting the scope of the order of reversal, and the return of the cause to be again tried, reversed the entire judgment and opened the case for a retrial of the entire controversy." Wollman v. Loewen, 108 Mo. App. 581; Bottling Co. v. Exposition Co., 240 Mo. 634; Gann v. Mfg. Co., 129 Mo. App. 425; Railroad v. Wyatt, 223 Mo. 355; Deiermann v. Bag Co., 144 Mo. App. 474.

*Collins, Barker & Britton* for respondent.

(1) Where a suit is brought in two counts, one on contract and the other on *quantum meruit* and both counts are submitted to the jury and verdict rendered for plaintiff on the count in contract, and expressly rendered for the defendant on the count in *quantum meruit*, and motion is filed by the defendant, asking for a new trial on the judgment rendered on count in contract, and defendant does not ask for a rehearing on the verdict against it on

the count in *quantum meruit,* and defendant's motion for a new trial is sustained, from which order plaintiff appeals without reference to the count on *quantum meruit,* on new trial, plaintiff is barred as to *quantum meruit* count. Appellant requested the jury to find for it on count in contract; the jury so found; appellant is bound thereby. Appellant also accepted the jury's finding and by this and its subsequent acts, has elected to stand on contract count. Wonderly v. Haynes, 186 Mo. App. 75; Cramer v. Barmon, 193 Mo. 327; Wollman v. Loewen, 108 Mo. App. 581; Gann v. Mfg. Co., 129 Mo. App. 425; Phillips v. Mfg. Co., 129 Mo. App. 403; Hoyle v. Farquharson, 80 Mo. 377; Downing v. Railroad, 70 Mo. App. 657; Marquis v. Clark, 64 Mo. 601; Courtney v. Kneib, 131 Mo. App. 209; Taylor v. Short, 38 Mo. App. 34; Sideway v. Land Co., 163 Mo. 342; Scott v. Parkview Co., 241 Mo. 112. (2) When, on consideration of the whole record, the judgment is plainly right and is for the right party, the court will not reverse for errors of law which do not affect the merits. Wear v. McCorkle, 1 Mo. 588; Putman v. Boyer, 173 Mo. App. 394; Vogg v. Mo. Pac. Ry. Co., 138 Mo. 172. There is nothing in this record, or in the record of the previous trial that would justify submitting the count on *quantum meruit* to the jury.

FARIS, J.—This is an action brought by plaintiff in the circuit court of the city of St. Louis for the recovery of certain commissions which it alleges to be due it for the sale of the mining property of defendant. Plaintiff being by the court coerced into a nonsuit, moved to set the same aside, and when this motion was overruled appealed here in due form.

The case has been here before, the instant one being the second appeal herein. The facts necessary to a full understanding of the case, and which may not be pertinent solely to the instant appeal, will be found reported under the identical title in 251 Mo. 721, to which reference is made. Such other facts as are peculiarly pertinent to the instant case and incidentally to the former one, run substantially thus:

Plaintiff below, who is appellant here, had, as it deemed, *one cause of action* against defendant. Therefor it sued in three counts, designated as its first, second and third count, respectively. The second count was voluntarily dismissed by plaintiff, so we need not concern ourselves here about it. In the former trial between the parties (Ham & Ham L. & Z. Co. v. Catherine Lead Co., 251 Mo. 721), plaintiff had a verdict on its first count (which count it bottomed upon a specific written contract) *in its favor,* and a verdict on the third count (which was bottomed on *quantum meruit*) *against it.* Defendant thereupon filed its motion for a new trial upon the first count, praying that the verdict be set aside and a new trial granted to it. Plaintiff having gotten through the verdict on the first count all that it could possibly have gotten by its suit, filed nothing, but acquiesced in the jury's verdict in its favor on the said first count, and likewise (so far as then concerns the taking of any *affirmative action* on its part) acquiesced in the jury's verdict on the third count.

The trial court upon defendant's motion for a new trial upon the verdict against it on said first count, sustained the same; granted to defendant such new trial thereon and from the order granting said new trial plaintiff appealed. Upon a hearing here, we in all things sustained the action of the court *nisi* (Ham & Ham L. & Z. Co. v. Catherine Lead Co., supra), affirmed the case and remanded it for the new trial which the trial court had granted. Upon the coming on of such new trial no new issues seem in anywise to have been raised by amendment to the pleadings, at least, *res adjudicata* was not pleaded; but upon the trial, and on plaintiff's offering to read the third count to the jury, defendant objected for that "the verdict of the jury on the said count in favor of the defendant rendered on the former trial of the case constituted a bar thereto." This objection was sustained and plaintiff excepted.

One of the first questions we meet here touches the correctness of the action of the trial court in ruling that the verdict of the jury against plaintiff upon the count

on a *quantum meruit,* is a bar to a trial upon that count.

New Trial:
After Adverse
Verdict on
One Count.

Of course, if these counts had been upon separate and distinct causes of action, there would be no ground for question or quibble. The verdict in such case upon the facts present would have been an impassable bar to the maintenance by plaintiff here of any further action on this count. This is so self-evident as to need no citation of authority. But the question before us is wholly different. When plaintiff got its verdict in the first trial upon the first count of its petition it had then got all it was entitled to, for it had but one single cause of action, which, *ex abundanti cautela,* it had stated in two different ways. So long as plaintiff had a verdict on the first count it could not have one on the third count, for it was entitled (granting that it was entitled to anything) to but one relief, which by the verdict in its favor on the first count it had gotten in full. But defendant, not satisfied with the verdict against it, moved specifically for a new trial on the verdict against it on the first count; it was awarded that new trial and plaintiff appealed. When that new trial was found by us to have been properly granted, did it go to the whole case, or only to the verdict on the first count? In short, did it serve to grant to plaintiff a new trial on the third count, though it had not moved for such new trial. We think it did, though the precise point is seemingly of first impression in this jurisdiction. The case of Cramer v. Barmon, 193 Mo. 327, is called to our attention as upholding the view that plaintiff should have taken some affirmative action indicating that it did not acquiesce in the jury's verdict against it on the third count, otherwise that verdict stands and bars a re-trial thereon. The latter case is not in point, and if it were in point it has been overruled, in a case however wherein its lack of appositeness was judicially conceded. [Star Bottling Co. v. Exposition Co., 240 Mo. 634.]

The Barmon case, supra, was an action in two counts for false imprisonment and malicious prosecution, respectively. Below, defendant got a court-directed verdict in his favor on the first count (which prayed for damages

in the sum of $5000; a sum sufficient then, to give us jurisdiction upon appeal); while upon a trial the jury found for plaintiff on the second count for $1500. Both parties moved for new trials upon the findings and verdicts against them on the two counts, respectively. The court *nisi* sustained the motion of defendant; but overruled that of plaintiff and the latter appealed. The case rode off and out of this court on the question of jurisdiction, since we held that only the sum of $1500 was involved and not the sum of $5000, the amount prayed for in the count on which plaintiff lost by a directed verdict, and that the jurisdiction lay therefore with the Court of Appeals.

It is true that this Barmon case contains *dicta* leaning in principle toward the view that, absent an appeal *directly from* the action of the court overruling plaintiff's motion for a new trial on the first count, the court-directed verdict thereon was final. If that case had gotten back here upon a second appeal then the facts would have been a little more apposite. As it stands it is not so clearly in point as to be very persuasive against the manifest principle to the contrary, even if it has not been overruled.

The late case of Bottling Co. v. Exposition Co., 240 Mo. 634, is likewise in point only upon somewhat remote principle. There plaintiff sued defendant, and defendant interposed, among other things defensive, a counterclaim. Upon a trial had both parties moved for a new trial. The motion of defendant for a new trial was overruled; but that of plaintiff was sustained and defendant therein appealed; held that both parties got a new trial when both asked therefor, though the new trial actually granted was granted upon plaintiff's motion and not upon defendant's motion, the latter being overruled. It will be seen that this case is not in point upon the facts, though apposite upon the principle involved, and upon one view going much farther than we are required to go in the instant case.

The case of Hoyle v. Farquharson, 80 Mo. 377, so far as we can gather from the meager statement of facts therein, was an action in two or more counts for separate

and distinct causes of action, and not as in the instant case, merely two counts for the identical cause of action. If we correctly understand the facts in the Hoyle case it was correctly ruled, but it has no bearing upon the question now here vexing us. Likewise, the case of Scott v. Parkview Realty Co., 241 Mo. 112, dealt with separate causes of action against the same defendant, pleaded in separate counts, and of course has no relevancy whatever to the instant case. For where a plaintiff sues a defendant in two or more counts for separate and distinct causes of action, the joinder is in effect a joinder for economy of costs and convenience's sake of several *suits* in one, and manifestly if a party be cast in one of these *suits,* he must take affirmative action to get relief, or forever be concluded.

But it would be a harshly technical and stilted rule indeed, which after a party had gotten upon one theory (afterwards determined to be a procedurally erroneous one) all possible relief to which he was entitled, would yet compel him to carry with him affirmatively throughout an appeal another and jury-rejected theory of recovery, or else lose his possibly righteous cause of action wholly. Plaintiff here was (at most) entitled to but one commission, whether it got it upon its count on an express contract, or upon its count on a *quantum meruit,* concerned it little, as a question of abstract justice, however important it might be upon what has been cynically denominated the ''sporting theory of the law.'' When the jury brought in a verdict in plaintiff's favor on the theory of an express contract, naturally, having but a single cause of action, its right to recover on a *quantum meruit* (if the jury's verdict was right) was lost. Plaintiff could not appeal, for it was not aggrieved. It became aggrieved only when the court *nisi* granted to defendant a new trial on the first count; when the learned trial court deeming a recovery not warranted upon the first count, set aside that recovery, plaintiff was for the first time aggrieved by the court's action; it had not been so aggrieved (for the reason stated, to-wit, that it had gotten all to which it was in any view entitled) by the jury's action. It may

well be that plaintiff never became aggrieved till long after the time had elapsed within which it was permitted by law to file a motion for a new trial. In fact, the record upon the former appeal discloses that almost two months passed after the trial before the defendant's motion for a new trial upon the first count was sustained. Naturally, no complaint was made in that motion by defendant, for that the jury's verdict on the third count was erroneous. From the action of the court in sustaining that motion plaintiff appealed. When, in what way, and by what recognized procedure could plaintiff upon his first appeal have either raised, or brought up to us for review the jury's action in finding against him on the third count. A somewhat analogous, if not identical situation upon principle was presented in the case of Turner v. Anderson, 236 Mo. 523. It is true respondents in the Turner case urged here that error had been committed against them below. Even upon appellants' sole appeal we agreed with respondents and reversed the case for a new trial upon a theory rejected below. Respondents there had not appealed, for they had won below and consequently were not aggrieved. They had won on a wrong theory, however. Because of this we sent the case back to be retried upon the right theory, which, as stated, had been rejected below and eliminated by an instruction. So, the urging of the error here by those who had not appealed because they were not "aggrieved," in no wise served to save the point or help the situation. For there is no place in appellate procedure whereat a respondent, having won all he asked for below, may preserve an error for review here. If such error is not preserved by abstract justice *dehors* a respondent's brief, it cannot be kept alive by futilely printing it therein. Since this is a court wherein upon appeals alone errors are reviewed, the attempted saving of the point by respondents in the Turner case in no material way serves to distinguish that case from the instant one.

It follows that the learned court *nisi* erred in sustaining the objection of defendant to the third count.

II. We are urged to affirm this case, however, because the judgment is said by respondent to be righteous and for the right party. This may well be true, and we may even concede that upon the record before us this is so, but plaintiff was not required to offer proof upon a count that the court had stricken out. It was not required to make out a case by its evidence when the court *nisi* in effect had said no such case was pending, and it has saved its exception to that ruling.

**Judgment for Right Party.**

III. Other matters, settled upon the former appeal, are again urged upon our attention with much vehemence, and seemingly with some misunderstanding, or disregard, of what we said in our former opinion; but we think we need not lengthen this opinion by discussing them. We cannot make it too plain that no recovery can be had against this defendant upon the alleged written contract set out in our former opinion at pages 727 and 728 thereof. If a recovery be possible (touching which we specifically refrain from giving an opinion, because there is, not before us any sufficient evidence from which to form an opinion), such recovery must needs be along the theory of *quantum meruit*. If defendant knowing that plaintiff was endeavoring to sell its mine, acquiesced in, encouraged and furthered its efforts in that behalf, and accepted the offer of, and sold to a purchaser whom plaintiff was the sole efficient producing actor in furnishing to defendant, upon terms and conditions which defendant knowingly allowed, or induced plaintiff to offer to such purchaser, then the law would imply a promise on the part of defendant to pay plaintiff as much as its services as the efficient producing cause in so bringing about such sale were reasonably worth. [Crain v. Miles, 154 Mo. App. l. c. 348; Gelatt v. Ridge, 117 Mo. l. c. 561.]

It follows that for the error in sustaining the objection to the third count, this case must be reversed and remanded. Let this be done. All concur.