KAISER ALUMINUM & CHEMICAL SALES, INC., a California corporation, Respondent,

v.

LINGLE REFRIGERATION COMPANY, Inc., a Missouri corporation, Appellant.

No. 23349.

Kansas City Court of Appeals.
Missouri.

Oct. 2, 1961.

Robert F. Middleton, Russell, Brown & Middleton, Nevada, for appellant.

Don Kennedy, Nevada, for respondent.

CROSS, Judge.

At defendant corporation's request, plaintiff corporation manufactured three dies for forming aluminum extrusions and extruded a quantity of aluminum pieces for defendant's use in manufacturing refrigerator doors. The extrusions were delivered to and accepted by defendant—the dies were retained by plaintiff. Plaintiff sues to re-

cover from defendant an alleged unpaid balance of $410 on the price of the order. Defendant appeals from a judgment entered on a jury verdict for $410 and interest in favor of plaintiff.

The petition pleads alternative grounds for recovery, i. e., either on (1) an express contract, or (2) an implied contract arising from defendant's order for the dies and extrusions and plaintiff's compliance therewith. The sum of $410 (and interest) is claimed by plaintiff in either event.

There is little factual dispute except as to whether plaintiff or defendant should have possession of the dies. Defendant's refusal to pay the demanded price balance is based on its claim to ownership of and right to possess the dies, which plaintiff denies.

The transaction was initiated at defendant's business office and grew out of negotiations between Mr. John T. Pertile, an engineer representing plaintiff corporation, and Mr. C. M. Lingle, defendant's president. Mr. Pertile proposed to furnish the dies and extrusions. After discussion and the preparation of sketched plans for forming special dies, Mr. Lingle placed a purchase order, on behalf of defendant, for the three dies and for a quantity of aluminum extrusions, to be formed by each die. The order was typed on defendant's "Purchase Order" form at the direction of Mr. Lingle, by his secretary, was dictated by Mr. Pertile, was signed by Mr. Lingle and duly forwarded to plaintiff's office.

It was plaintiff's evidence that an acknowledgment was mailed by plaintiff to defendant "probably within 48 hours", as an acceptance of defendant's order. The acknowledgment itemized the three lots of extrusions substantially as contained in defendant's order and designated each of the three die items as a "Die Service Charge". The document contained the statement, printed upon its face: "This will acknowledge your order as noted above and is an exact copy of our entry thereof. Accept-

ance of your order and this Acknowledgment are subject to approval of our General Sales Office at Chicago, Illinois, and if not approved you will be notified within ten (10) days from date. In the event of any errors in the above, please notify us immediately. If such notice is not received within ten (10) days and this Acknowledgment is not disapproved by our General Sales Office, it will be conclusively understood that the above is correct and this Acknowledgment, *together with the conditions printed on the reverse side hereof,* shall constitute the entire agreement between us. Fulfillment of your order will be undertaken and deliveries will be made only upon the terms and conditions of the agreement evidenced by this Acknowledgment".

The conditions referred to were printed on the reverse side of the form. Condition designated "G" is as follows:

"Equipment:

"1. Any equipment (including jigs, dies and tools but excluding patterns) which Seller constructs or acquires for use exclusively in the production of goods for Buyer shall be and remain Seller's property and in Seller's possession and control, and any charges therefor shall be for the use of such equipment. All such equipment will be used exclusively for the manufacture of products for Buyer".

Defendant made no response to the acknowledgment. Plaintiff manufactured the dies and the aluminum extrusions, delivered the latter to defendant and rendered invoices totaling $1,037.51, representing a charge of $410 for the "die service" items and $627.51 for the delivered extrusions. Defendant paid for the extrusions by its check in the sum of $627.51, but refused to pay the sum of $410 for the die service.

██ Defendant's first two assignments are directed against the sufficiency of the petition to state a cause of action, and charge the trial court with error in refusing to dismiss the case at the close of plaintiff's

evidence for the alleged reasons that plaintiff (1) had failed to plead and prove the necessary factual elements of "a quantum meruit of action" and (2) had failed to plead and prove an express contract. These contentions have come too late. The complaints against the petition made for the first time in the motion for a new trial, and after the verdict, are unavailing, unless the pleading has completely failed to state a cause of action. Burns et al. v. Vesto Co., Inc., Mo.App., 295 S.W.2d 576; Parker v. Green, Mo.App., 340 S.W.2d 435. Nevertheless, we have examined the petition in the light of the complaints and find that they are groundless. The petition pleads the necessary factual elements of an express contract by averments of an agreement between plaintiff and defendant for the manufacture of the dies and extrusions, plaintiff's performance, and defendant's failure to pay the consideration due plaintiff. The petition pleads an action in quantum meruit by alleging the manufacture of the dies and extrusions by plaintiff at defendant's request, the reasonable value of those items, and defendant's refusal to pay a balance of account. With reference to the trial court's refusal to dismiss the case at the close of plaintiff's evidence—any error resulting from that action was waived by defendant when it subsequently introduced evidence on the merits of the case. Wilson v. White, Mo.App., 272 S.W.2d 1; Adams v. Kansas City, Mo.App., 266 S.W.2d 771; Ellis v. Kansas City Public Service Co., Mo.App., 203 S.W.2d 475.

■■■ Defendant contends that plaintiff's petition improperly pleaded two inconsistent theories of recovery—quantum meruit and express contract, and that the trial court should have required plaintiff to elect one of those theories for submission to the jury instead of permitting the case to be submitted on both issues. In our opinion these contentions are contrary to applicable rules of procedure and controlling Missouri decisions which have determined the precise questions involved.

Civil Rule 55.12 (Sec. 509.110 V.A.M.S.) V.A.M.R. permits a party to set forth two or more statements of a claim (or defense), alternatively or hypothetically, either *in one count* (or defense), or in separate counts (or defenses). The effect of this provision is to enable parties, as far as practicable, to submit all their controversies in a single action and avoid a multiplicity of suits. Thus, it is possible for a plaintiff to state his case in a double aspect when he does not know upon what precise theory his evidence may entitle him to recover. Such a party, believing he has two forms of action to remedy a single wrong, may plead both when they are not inconsistent in the sense that the choice of one necessarily waives the other, and recover as he may be entitled under the evidence. See 1 Am.Jur., Actions, Sec. 77, Sec. 83; Davis v. Chicago & E. I. R. Co., 338 Mo. 1248, 94 S.W.2d 370; Kansas City v. Rathford, 353 Mo. 1130, 186 S.W.2d 570; Mahan v. Baile et al., 358 Mo. 625, 216 S.W.2d 92; Carsel v. Mitchell, Mo.App., 261 S.W.2d 249.

In The Globe Light & Heat Co. v. Doud, 47 Mo.App. 439, this court said:

"It will be seen that plaintiff framed its petition on two counts—one on the special contract, and the other on *quantum meruit*. When the evidence was all in, defendants moved the court to require plaintiff to elect upon which count it would proceed and take the verdict of the jury. The court overruled this motion, and this action by the court is now assigned as error. The trial judge in this matter was entirely correct. It is well settled in this state that the petition may allege the same cause of action in two counts so as to meet any possible state of the proof. Brickman [Brinkman] v. Hunter, 73 Mo. [172] 178, and cases cited. And in no class of cases is this rule followed so frequently, and so properly, as in the character of cases we here deal with. The wisdom of the

rule is here manifest. A may contract with B to furnish certain materials, or do certain work, according to certain defined stipulations. A dispute arises, and A is compelled to sue. He claims a performance of the contract, but B denies. Under the law A is entitled, either to recover on the contract the stipulated price, *or* if he has contributed certain material to the advantage of B's property, but has not to the letter complied with the contract, even then A is entitled to recover the value of such materials and work to the extent of the benefit conferred on B, limited of course by the contract price. It is entirely proper to present the case in this double form, and permit in one suit a settlement of the entire controversy."

The Globe case was cited, with approval, in Lee-Schermen Realty Co. v. Rueffel, Mo.App., 176 S.W.2d 655, 657, where the court said:

"* * * it is * * * the settled law that a count based on an expressed contract may be joined with a count based on quantum meruit. A few of the cases so holding are as follows: Hoyt v. Buder, 318 Mo. 1155, 6 S.W.2d 947; Graves v. Merchants & Mechanics Mut. Fire Ins. Co., 235 Mo.App. 543, 139 S.W.2d 1039; Dayton Folding Box Co. v. Danciger, 161 Mo.App. 640, 143 S.W. 855; Cunningham v. Elvins, Mo. App., 194 S.W. 515; Phillips v. Geiser Mfg. Co., 129 Mo.App. 396, 107 S.W. 471; Squire v. Ferd Heim Brewing Co., 90 Mo.App. 462. *And furthermore it has been held, that plaintiff cannot be compelled to elect on which count he will go to the jury.* Phillips v. Geiser Mfg. Co., supra; Globe Light & Heat Co. v. Doud, 47 Mo.App. 439". (Emphasis supplied.)

We necessarily conclude that the two theories of recovery in plaintiff's petition were not inconsistent or mutually self-destructive, that plaintiff was under no duty to elect between them, and that the case was properly submitted in the alternative on the hypotheses of express contract and quantum meruit, both of which were adequately supported by the evidence for submission to the jury.

Defendant claims that the trial court erred by admitting in evidence plaintiff's exhibits numbered two and three "in violation of the original document rule and the best evidence rule". The two exhibits were introduced and received in evidence for the purpose of proving the contents of plaintiff's acknowledgment of defendant's order.

The acknowledgment is a document contained on one sheet of paper—a printed form, with printing on both sides. In addition to the printing it also contained typewriting on the face side. It was placed there by the operation of a typing machine, which simultaneously, and with the same stroke, produced three additional copies (of the typing only) on sales order forms for inter-office use. Exhibit No. 2 is identified as one of the simultaneously typed copies and as containing the identical typed matter which appears on the face of the acknowledgment. Exhibit No. 3 is a printed form, in blank, and without typing. From the evidence the jury could find that it is "an exact copy", printing and all, of the form used to prepare the acknowledgment that was mailed to the Lingle Refrigeration Company. Thus, the acknowledgment, in its complete form, including both printing and typing has been satisfactorily shown by the combined effect of the two exhibits. Defendant argues that they are not admissible "without an accounting of what happened to the original". The disposition of the "original" presents no mystery. The evidence warrants belief that plaintiff mailed it to defendant. Defendant's own evidence establishes that the original acknowledgment was in defendant's possession. It is shown by the testimony of defendant's office employee that the paper was reposing in defendant's office files when

this suit was filed. The unavailability of the primary evidence having been satisfactorily explained, the exhibits are properly admissible under the best evidence rule. Defendant further inveighs against the admissibility of the exhibits on the ground that "they had not been pleaded as a part of any agreement and were thus irrelevant". Whether pleaded or not, the exhibits are admissible as material and relevant evidence, tending to establish that there was an agreement between the parties, as averred in plaintiff's petition.

 Defendant contends that plaintiff's verdict-directing instruction No. 2 is erroneous. The only specific objection to the instruction is contained in the motion for new trial as follows: "It (the instruction) did not require a finding of special circumstances giving use (rise?) to a duty on the party (sic) of the defendant to answer plaintiff's counteroffer at the risk of acceptance by silence".[1] We consider the objection as a complaint by defendant that the instruction should have hypothesized certain additional facts and circumstances.

We believe that the instruction correctly states the law and provided the jury a sufficient understanding of the issues for their determination. If the defendant deemed the instruction to be incomplete or insufficiently hypothesized, or felt that any further hypothesization was necessary, it had the right to offer a clarifying or amplifying instruction. Failing to do so, defendant will not be heard to complain. See: Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496; Steele v. Goosen, Mo.Sup., 329 S.W.2d 703; Massey v. Berlo Vending Co., Mo.Sup., 329 S.W.2d 772; Sandler v. Schmidt, Mo.Sup., 263 S.W.2d 35.

Defendant's final assignment is that the trial court should have granted a new trial because plaintiff's counsel improperly and prejudicially made statements in his final argument to the jury, unsupported by the evidence, to the effect that

the cost of manufacturing the dies was greater than the charge demanded for them from defendant. We have not been favored with a complete transcript of counsel's argument. The record contains only fragmentarily noted excerpts from the argument of plaintiff's counsel. No portion of the argument made by defendant's counsel is before us. However, it is apparent from the record that defendant's objections to plaintiff's argument were sustained by the court in each instance. Defendant made no request that plaintiff's counsel be rebuked or that the jury be discharged. The trial court did all that he was requested to do, by sustaining the objections and directing plaintiff's counsel to confine the argument to the facts in the case. We rule against the assignment.

The judgment is affirmed.

All concur.

---

1. Cf. Robertson v. Tapley, 48 Mo.App. 239.