**Eddie Lee McGEE, Plaintiff,**

v.

**The NORTH–WEST INSURANCE COMPANY, Defendant.**

**No. 83–2298C(1).**

United States District Court, E.D. Missouri, E.D.

Sept. 19, 1984.

Mark Bronson, Newman & Bronson, St. Louis, Mo., for plaintiff.

Sanford Goffstein, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

Plaintiff, Eddie Lee McGee, brought this action, based on diversity jurisdiction, to collect an insurance policy.

This case was submitted to the Court upon stipulations of the parties. The Court having considered the pleadings, the documents in evidence and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of facts and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 52.

## A.  FINDINGS OF FACT

1.  Plaintiff, Eddie Lee McGee, is a citizen of the State of Missouri.

2.  Defendant, the North-West Insurance Company, is a citizen of the State of Oregon.

3.  The matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between citizens of different states.

4.  The insurance policy in question was entered into in the Eastern District of Missouri.

5.  Plaintiff was insured by defendant North-West Insurance Company under Policy No. 717452 on October 30, 1982. Plaintiff had complied with all conditions precident of the policy. The policy provided coverage up to $25,000.00 for bodily injury to plaintiff resulting from an accident with an uninsured motor vehicle.

6.  On October 30, 1982, plaintiff was involved in an automobile collision in the City of St. Louis. Plaintiff operated one vehicle involved in the collision, and Anthony Chandler operated the other.

7.  Plaintiff sustained damages in excess of $25,000.00 as a result of the accident.

8.  Anthony Chandler pled guilty to leaving the scene of the particular accident in a state proceeding.

9.  Anthony Chandler never filed a report with the Missouri Department of Revenue pursuant to § 303.040 R.S.Mo. (1979). The Missouri Department of Revenue attempted to notify Anthony Chandler of his responsibility to file such report, but the notice was returned because Chandler had moved from his address without leaving a forwarding address.

## B. CONCLUSIONS OF LAW

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. Plaintiff asserts that Anthony Chandler was an uninsured motorist, and thus maintains that defendant is liable to him under the uninsured motor vehicle provision of the insurance policy. Defendant does not dispute the validity or terms of the insurance policy. Defendant merely claims that there is insufficient evidence to establish that Anthony Chandler was an uninsured motorist. The only issue for this Court is whether Mr. Chandler was an uninsured motorist at the time of the accident.

Neither party has presented evidence that Mr. Chandler carried motor vehicle insurance. Under these circumstances, §§ 303.040 and 379.203 R.S.Mo. (1979), provide some guidance as to Mr. Chandler's insurance status. That provision reads as follows:

1. The operator or owner of every motor vehicle which is involved in an accident within this state or the owner of a legally or illegally parked car which is in any manner involved in an accident within this state, with an uninsured motorist, upon the streets or highways thereof, in which any person is killed or injured or in which damage to property of any one person, including himself, in excess of five hundred dollars is sustained, and the owner or operator of every motor vehicle which is involved in an accident within this state if such owner or operator does not carry motor vehicle liability insurance shall within sixty days after such accident report the matter in writing to the director if settlement of accident agreed to by all the parties involved has not been made. Such report, the form of which shall be prescribed by the director, shall contain such information as will enable the director to determine whether the requirements for the deposit of security under section 303.030 are inapplicable by reason of the existence of insurance or other exceptions specified in this chapter. The director may rely upon the accuracy of such information unless and until he has reason to believe that the information is erroneous. If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, within sixty days after learning of the accident, make such report. If the operator is also the owner and is incapable of filing such report as is required by this section, then the report will be filed as soon as the operator-owner is so capable. If the report is late by reason of incapability, a doctor's certificate must accompany the report certifying same. The operator or the owner shall furnish such additional relevant information as the director shall require.

2. If any party in an accident files a report under this section, the director shall notify, within ten days after receipt of the report, all other parties involved in the accident as specified in the report that a report has been filed and such other parties shall then furnish within ten days the director with such information as the director may request to enable the director to determine whether the requirements of section 303.030 are applicable.

Section 303.030 R.S.Mo. (1979), among other things, requires those individuals who have not procured the required insurance to file a security deposit with the Missouri Director of Revenue to cover their potential liability for injuries and damages. In addition, the failure of the owner or operator of a motor vehicle in Missouri to file the required accident report is *prima facie* evidence that he does not carry insurance. § 379.203(5) R.S.Mo. (1982).

Plaintiff contends that the failure of Mr. Chandler to report his accident creates the presumption that he was uninsured. Defendant, on the other hand points to § 303.040.2 R.S.Mo. (1979), and argues that the obligation to file such a report arises upon receipt of notice by the Director of

**664**

Revenue. In this case, Mr. Chandler never received notice from the Director. Whether to adopt the presumption of § 379.-203(5), therefore, turns upon the obligation of an individual to file a report. This question involves an interpretation of § 303.040.

■ A careful reading of the statute, however, leads to the conclusion that Anthony Chandler had an obligation to report his accident within sixty days, regardless of the lack of notification from the Director. Section 303.040.1 requires the *operator or owner* of a motor vehicle involved in an accident to report an accident. Section 303.040.2, on the other hand, calls upon the Director of Revenue to notify any *party* involved in an accident to file a report. The stated purpose of this latter section is to arm the Director of Revenue with sufficient information to determine whether to enforce the security requirement of § 303.030. Information regarding all injured parties, including those who were not owners or operators of vehicles is necessary for this determination.

Defendant argues that the notification requirements of § 303.040.2 are meaningless absent Mr. Chandler's receipt of notice regarding his reporting obligation. Defendant has not considered the distinction between the operators and owners and the parties made in the statute. Furthermore, adoption of defendant's interpretation would render the clear obligation of owners and operators of vehicles to report accidents meaningless.

■ For these reasons, Anthony Chandler was under an obligation to report his accident with the Director of Revenue. His failure to do so is *prima facie* evidence that he was the uninsured operator of a motor vehicle. Defendant has not presented evidence to rebut this presumption. Consequently, this Court concludes that Anthony Chandler was an uninsured motorist, and that plaintiff is entitled to $25,000 under the uninsured motor vehicle provision of his insurance policy with defendant.