Kenneth STROM and Cindy Strom, Appellants,

v.

AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE, Respondent.

Nos. 20876, 20973.

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 1997.

---

John M. Henderson, Jr., Springfield, for appellants.

C. Bradley Tuck, Tuck & Malkmus, P.C., Springfield, for Respondent.

CROW, Judge.

Plaintiffs, Kenneth Strom and Cindy Strom, sued Defendant, Automobile Club Inter–Insurance Exchange, under the "Uninsured Motorists Coverage" provisions of an automobile insurance policy issued to Kenneth.[1] Kenneth pled he was injured when an automobile he was driving was struck by an uninsured motor vehicle—a pickup driven by Timothy Bruner. Cindy, Kenneth's wife, averred loss of consortium because of Kenneth's injuries.

Defendant moved for a directed verdict at the close of Plaintiffs' evidence. The trial court granted the motion. Plaintiffs appeal.[2]

The dispositive issue in this appeal is whether Plaintiffs made a submissible case against Defendant. If Plaintiffs did, Defendant was not entitled to a directed verdict. *Carlson v. St. Louis Public Service Co.*, 358 S.W.2d 795, 799[4] (Mo.1962).

A party makes a submissible case if he presents legal and substantial evidence to support a finding of each and every fact required to impose liability on the adverse party. *Houghton v. Atchison, Topeka &* *Santa Fe Railroad Co.*, 446 S.W.2d 406, 408–09[2] (Mo. banc 1969). In determining whether Plaintiffs met that requirement, this court considers the evidence and all reasonable inferences therefrom in the light most favorable to Plaintiffs. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765[1] (Mo. banc 1984).

The collision occurred December 14, 1990, at an intersection in Springfield. Kenneth was eastbound on Calhoun, a through street. Bruner was northbound on Park. A sign at the intersection required northbound drivers to stop. Bruner didn't.

The collision caused Kenneth bodily injuries.

The policy issued to Kenneth by Defendant obligated Defendant to pay damages which a covered person is legally entitled to recover from the operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The policy defined an uninsured motor vehicle as one to which no bodily injury liability policy applies at the time of the accident.

In an effort to prove the pickup driven by Bruner was uninsured, Plaintiffs offered two documents: Exhibit 4 and Exhibit 19. The trial court received each in evidence over Defendant's objections. A copy of Exhibit 4 is attached at the end of this opinion.

Plaintiffs maintained at trial that by reason of § 379.203.5, RSMo 1994, Exhibits 4 and 19 constituted prima facie evidence that the pickup driven by Bruner was uninsured. Section 379.203.5 reads, in pertinent part:

"In any action on a policy of automobile liability insurance coverage providing for the protection of persons insured thereunder who are legally entitled to recover damages from ... operators of uninsured motor vehicles, the fact that the ... operator of such uninsured motor vehicle ... failed to file the report required by section 303.040, RSMo, shall be prima facie evidence of uninsured status, *and such failure to file may be established by a state-*

---

1. For brevity and clarity, we refer to the individual plaintiffs by their respective forenames. We mean no disrespect.

2. Plaintiffs, evidently uncertain about the deadline for appealing, filed two notices of appeal, one several weeks after the other. Each was assigned its own number. This opinion bears both numbers.

*ment of the absence of such a report on file with the office of the director of revenue, certified by the director, which statement shall be received in evidence in any of the courts of this state."*(Emphasis supplied.)

Section 303.040, referred to in § 379.203.5, above, is set forth in pertinent part below.[3]

Plaintiffs also endeavored to prove the pickup driven by Bruner was uninsured through testimony by Kenneth and Traci[4] Baughman regarding statements they heard Bruner make after the collision. Defendant objected to the proffered testimony on the ground it was hearsay. The trial court excluded the testimony.

In directing the verdict for Defendant, the trial court declared that the evidence pertinent to whether the pickup driven by Bruner was uninsured consisted solely of Exhibits 4 and 19. The court ruled that neither exhibit was a certificate of the Director of Revenue, a constitutional officer under sections 12 and 22 of Article IV, Constitution of Missouri (1945, as amended). Noting that the Director of Revenue is appointed by the Governor and confirmed by the Senate, the trial court reasoned:

> "Those persons who work under the supervision of the director are not constitutional officers.
>
> The credibility of the person who signs the affidavit has to be considered....
>
> For the failure of proof, the Court directs a verdict for the defendant in this case."

Plaintiffs' brief presents two points relied on; the first reads, *inter alia:*

> "The Trial Court erred in directing a verdict against [Plaintiffs] based on [their] failure to offer proof of the uninsured sta-

tus of the motor vehicle ... operated by Timothy Bruner because [Plaintiffs] had introduced into evidence substantial evidence which made a submissible case regarding the uninsured status of the Bruner motor vehicle in that [Plaintiffs] introduced into evidence the following:

> A. Two statements pursuant to Section 379.203(5) RSMo.1994 establishing absence of such report required by Section 303.040, RSMo.1994 on file with the office of the Director of Revenue which were certified by the director by virtue of the certification of an authorized officer or agent, thereby making a prima facie case of the uninsured status of the Bruner motor vehicle.
>
> B. ..."[5]

The argument following Plaintiffs' first point confirms that the two statements referred to in paragraph "A" of the point are Exhibits 4 and 19. If Exhibit 4 fulfilled the requirements of § 379.203.5, quoted earlier, Exhibit 4 was, by virtue of that statute, prima facie evidence that the pickup driven by Bruner was uninsured. *See: McGee v. North–West Insurance Co.,* 592 F.Supp. 661, 663–64 (E.D.Mo.1984). The same is true of Exhibit 19 if it fulfilled the requirements of § 379.203.5.

Section 379.203.5 provides that the failure of the driver of an allegedly uninsured motor vehicle to file the report required by § 303.040 with the Director of Revenue "shall be prima facie evidence of uninsured status." The failure to file may be established by a written statement which meets two requirements. First, the statement must aver the absence of such a report on file with the office of the Director of Reve-

---

3. The version of § 303.040 in force at the time of the collision was the version in RSMo 1986, which took effect July 1, 1987. It was carried forward unchanged in RSMo 1994. It reads:
 "1. The operator or owner of every motor vehicle which is involved in an accident within this state ... with an uninsured motorist, upon the streets or highways thereof, ... in which any person is ... injured ... and the owner or operator of every motor vehicle which is involved in an accident within this state if such owner or operator does not carry motor vehicle liability insurance shall, within thirty days

after such accident, report the matter in writing to the director...."

4. This forename is spelled "Traci" in the transcript; it is spelled "Tracy" in the briefs.

5. Paragraph "B" of Plaintiffs' first point identifies other evidence which, according to Plaintiffs, constituted substantial evidence that the pickup driven by Bruner was uninsured. As shall appear *infra,* it is unnecessary to consider paragraph "B."

nue. Second, the statement must be "certified by the director."

This court shall examine Exhibit 4 to determine whether it fulfills those requirements.

As to the first requirement, Exhibit 4 avers, *inter alia:* "The files and records of the Department of Revenue indicate that ... Bruner has not filed a motor vehicle accident report for the accident of December 14, 1990, occurring at or near Park and Calhoun, Springfield, MO, with the Department of Revenue as provided in 303.040 RSMo." Inasmuch as § 304.040.1 required Bruner to file the report within thirty days after the accident, and Exhibit 4 is dated March 4, 1994 (more than three years after the accident), this court holds Exhibit 4 satisfies the first requirement of § 379.203.5.

The second requirement is that the statement be "certified by the director." As we have seen, the trial court evidently construed § 379.203.5 to mean that the Director of Revenue is the only person who can fulfill that requirement, hence a statement certified by a subordinate of the Director is not prima facie evidence under § 379.203.5.

Plaintiffs maintain the certification requirement of § 379.203.5 can be fulfilled by a subordinate of the Director to whom the Director has delegated the authority to make such certification. In support of that hypothesis, Plaintiffs cite *Brown Group, Inc. v. Administrative Hearing Commission*, 649 S.W.2d 874 (Mo. banc 1983).

In *Brown Group*, a taxpayer argued that assessments of tax by subordinates of the Director of Revenue were void because the Director did not personally make them. *Id.* at 877–78.[6]

The Supreme Court of Missouri rejected the argument, holding "the additional assessments are not void for want of the Director's personal signature." *Id.* at 879. In reaching that conclusion, the court examined sundry statutes regarding the Director and the De-

partment of Revenue. *Id.* at 878. The court concluded the statutes, reasonably construed, authorized "delegation of certain authority with respect to tax returns to achieve efficiency and economy in the assessment and collection of Missouri income taxes." *Id.* The court explained:

"The characteristics of the Department necessitate that delegation of function and authority be a predominant feature of its operation and procedure.... The authority to subdelegate need not be expressed in the statute and may be implied if there is a reasonable basis for such implication....

In this case, [the taxpayer] urges an interpretation of the statutes that would prove so burdensome that the Director would be unable to perform required duties. In construing statutes it must be presumed that the legislature intended a logical and reasonable result with substantive effect.... Accordingly, the more reasonable interpretation of the statutes is that they permit the Director to delegate certain authority so that efficient administration of the Department of Revenue may be achieved....

... This construction of the statutes permits the Director to attend to those important duties required by statute to be performed and to delegate to subordinates the performance of ministerial duties which he alone could not otherwise discharge."

*Id.* at 878–79[5] and [6].

This court applies the rationale of *Brown Group* to the instant case. Inasmuch as the Supreme Court of Missouri held in *Brown Group* that § 143.611.1 did not require the Director of Revenue to personally determine the deficiencies and sign the assessments, this court holds § 379.203.5 does not require the Director to personally certify that a report required by § 303.040 is not on file with the Director's office.

---

6. The pertinent statute was § 143.611, RSMo 1978. It provided, in part:

"1. As soon as practical after the return is filed, the director of revenue shall examine it to determine the correct amount of tax. If the director of revenue finds that the amount of

tax shown on the return is less than the correct amount, he shall notify the taxpayer of the amount of the deficiency proposed to be assessed...."

649 S.W.2d at 878 n. 6.

In so holding, this court looks to other statutes pertaining to the performance of the Director's duties, just as the Supreme Court did in *Brown Group*.

Chapter 303, RSMo 1994, assigns duties to the Director regarding The Motor Vehicle Financial Responsibility Law. Section 303.020, RSMo 1994, defines various words used in chapter 303. Subsection "(2)" of § 303.020 states: .

" 'Director', director of revenue of the state of Missouri, acting directly or through his authorized officers and agents."

This court recognizes, of course, that § 379.203.5 is not part of chapter 303. However, § 303.040 [7] which requires filing of the report referred to in § 379.203.5, is part of chapter 303.

Inasmuch as the report required by § 303.040 can (by virtue of § 303.020(2), above) be filed with the Director's authorized officers or agents, it would be illogical to hold that only the Director is authorized by § 379.203.5 to certify the absence of such a report on file in the Director's office.

Furthermore, in *Hay v. Ham*, 364 S.W.2d 118 (Mo.App.1962), one of the issues was whether an occupant of a motor vehicle was "operating" it, and therefore required by § 304.010, RSMo 1959, to exercise the highest degree of care. *Id.* at 121. The court in *Hay* relied in part on the definition of "operator" in chapter 303. *Id.* at 122–23. *See also: Gibbs v. National General Insurance Co.*, 938 S.W.2d 600, 603–04 (Mo.App. S.D. 1997). Thus, there is precedent for using the definition of a term in chapter 303 to construe a statute in another chapter.

Additionally, § 302.312.1, RSMo Supp. 1995, which was in force when the instant case was tried, provides that copies of any records lawfully deposited or filed in the office of the Department of Revenue "properly certified by the appropriate custodian or the director" shall be admissible as evidence in all courts of Missouri. Inasmuch as an "appropriate custodian" can certify copies of records in the Department of Revenue, qualifying them for admissibility as evidence in Missouri courts, this court perceives no plausible justification for holding that only the Director can certify the absence of a report required by § 303.040. Such a holding would be inconsistent with the decision of the Supreme Court of Missouri in *Brown Group* that the Director is not required to personally determine tax deficiencies and sign assessments.

Finally, it is evident from Exhibit 4 that the Department of Revenue construes § 379.203.5 to permit an authorized subordinate of the Director to certify the absence of a report required by § 303.040. The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197[3] (Mo. banc 1972).

This court therefore holds § 379.203.5 does not mean the Director of Revenue is the only person authorized to certify a statement that a report required by § 303.040 is not on file in the office of the Director.

Having decided that, this court must determine whether Exhibit 4 was "certified" by an authorized subordinate of the Director.

In *State ex inf. Carnahan, ex rel. Webb v. Jones*, 266 Mo. 191, 181 S.W. 50 (1915), the court addressed the sufficiency of a certificate, saying:

" 'To certify' is thus defined in 6 Cyc. 729:

'To give certain knowledge or information of; make evident; vouch for the truth of; attest; to make a statement as a matter of fact; to testify in writing; give a certificate of; make a declaration about in writing, under hand or under hand and seal; * * * to make a declaration in writing; * * * to testify to a thing in writing.' "

181 S.W. at 52.

■ Exhibit 4 is designated an "Affidavit." The designation is correct. An affidavit is a declaration on oath, in writing, sworn to by a person before someone authorized to administer such oath. *Estep v. Atkinson*, 886 S.W.2d 668, 674[5] (Mo.App. S.D.1994); *Stenzel v. Department of Revenue*, 536

7. Footnote 3, *supra*.

S.W.2d 163, 169[11] (Mo.App.1976). Exhibit 4 is a declaration in writing by Beth Werdehausen, sworn to before a notary public, an official empowered to administer oaths. § 486.250(2), RSMo 1994.

Applying the definition of "to certify" in *Carnahan*, quoted *supra*, this court holds the statements in Exhibit 4 are "certified" as required by § 379.203.5.

The final question is whether affiant Werdehausen is a subordinate of the Director authorized to certify those statements.

In Exhibit 4, Werdehausen avows she is employed in the Drivers License Bureau of the Missouri Department of Revenue and, as such, is a duly appointed, qualified, and authorized officer of the Department. This court takes judicial notice that the Drivers License Bureau is responsible for performing the Director's duties regarding uninsured motorists under The Motor Vehicle Financial Responsibility Law. Official Manual, State of Missouri, 1993–1994, p. 502. Werdehausen further avows she has management authority over all records and files of the Department pertaining to drivers' licenses.

This court holds a subordinate of the Director possessing the authority vested in Werdehausen is authorized to certify a statement under § 379.203.5.

It follows that Exhibit 4 constitutes prima facie evidence that the pickup driven by Bruner was uninsured.

Prima facie evidence is such evidence which, although not compelling a verdict for the party whose contention it supports, is sufficient to satisfy the burden of proof to support a verdict in favor of the party by whom it is introduced when not rebutted by other evidence. *State ex rel. State Department of Public Health and Welfare v. Hogg*, 466 S.W.2d 167, 170[2] (Mo. App.1971). Accordingly, by reason of § 379.203.5, Exhibit 4, if not rebutted by other evidence, was sufficient to support a finding that the pickup driven by Bruner was uninsured. Defendant identifies no evidence rebutting Exhibit 4.

This court therefore holds the trial court erred in ruling that Plaintiffs failed to present sufficient evidence to support a finding by the jury that the pickup driven by Bruner was uninsured.[8]

As this court understands the record, the trial court did not find Plaintiffs' evidence insufficient to make a submissible case for any reason other than lack of proof that the pickup driven by Bruner was uninsured. Defendant does not argue in this appeal that there was any other deficiency in Plaintiffs' evidence.

Consequently, this court holds the trial court erred in directing the verdict for Defendant. Having decided that, this court need not decide whether Exhibit 19 satisfied § 379.203.5. It is likewise unnecessary to consider paragraph "B" of Plaintiffs' first point, or to consider Plaintiffs' second point.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.[9]

GARRISON, P.J., and PREWITT, J., concur.

8. Had the trial court submitted this case to the jury, it appears the appropriate verdict-directing instruction would have been MAI 31.11 [1996 Revision]. One of the propositions a plaintiff must cause the jurors to believe under that instruction is that the driver at fault "was the operator of an uninsured motor vehicle." How the jurors would have been informed that Exhibit 4, if not rebutted by other evidence, was sufficient to support a finding that the pickup driven by Bruner was uninsured is a subject this court need not address in this opinion.

9. Plaintiffs filed a motion asking this court to strike portions of Defendant's brief. This court took the motion with the case. Because this court has awarded Plaintiffs a new trial, it is evident Plaintiffs were not prejudiced by anything in Defendant's brief, hence Plaintiffs' motion is moot.

800 ■ ▬▬▬▬▬▬▬

JOHN M HENDERSON
ATTORNEY AT LAW
P O BOX 50126
SPRINGFIELD MO   65805

March 4, 1994

RE: Case Number: 9105105
    Accident Date: 12-14-90
    Your Client: Kenneth Strom
    Other Parties: Timothy S. Bruner

Dear Mr. Henderson:

This is in response to your request for certification regarding the
above mentioned accident.

### AFFIDAVIT

Comes now Beth Werdehausen and states as follows:

1. The affiant is employed in the Drivers License Bureau of the
   Missouri Department of Revenue and, as such, is a duly appointed,
   qualified, and authorized officer of the Department of Revenue.

2. As such an employee, the affiant has management authority over all
   records and files of the Department of Revenue pertaining to
   driver's licenses.

3. The files and records of the Department of Revenue indicate that
   Timothy S. Bruner has not filed a motor vehicle accident report
   for the accident of December 14, 1990, occurring at or near Park
   and Calhoun, Springfield, MO, with the Department of Revenue as
   provided in 303.040 RSMo.

                        _Beth Werdehausen_
                        Beth Werdehausen,
                        Supervisor

STATE OF MISSOURI
COUNTY OF COLE

SUBSCRIBED AND SWORN TO before me, this 4th day of March 1994, to
certify which, witness by hand and seal of _Jackie Goetter_
                        Notary Public
                        JACKIE GOETTER
                        NOTARY PUBLIC STATE OF MISSOURI
                        COLE COUNTY
                        MY COMMISSION EXP. NOV. 22,1997

PLAINTIFF'S
EXHIBIT
#4